1
2
3
4
5
6

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| CAMERON LUNDQUIST, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FIRST NATIONAL INSURANCE COMPANY OF AMERICA, a New Hampshire Corporation,<br><br>Defendant. | No. 18-cv-05301<br><br>COMPLAINT<br><br>JURY DEMAND |

COMPLAINT
Case No. 18-cv-05301
010743-12 1027622 V1



HAGENS BERMAN
1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

# TABLE OF CONTENTS

**Page**

I.    NATURE OF THE CASE ...................................................................................................1

II.    JURISDICTION ...............................................................................................................1

III.    VENUE ............................................................................................................................2

IV.    PARTIES .........................................................................................................................2

V.    FACTUAL ALLEGATIONS ..........................................................................................2

    A.    First National relies on manipulated data to underpay total loss claims..................2

    B.    First National underpaid the total loss claims of Plaintiff. ......................................4

VI.    CLASS ACTION ALLEGATIONS ................................................................................5

FIRST CAUSE OF ACTION (BREACH OF CONTRACT)..........................................................7

SECOND CAUSE OF ACTION (BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING) .........................................................................7

THIRD CAUSE OF ACTION (CONSUMER PROTECTION ACT—VIOLATION OF WASH. REV. CODE § 19.86.020)....................................................................................8

FOURTH CAUSE OF ACTION (DECLARATORY AND INJUNCTIVE RELIEF) ...................9

PRAYER FOR RELIEF ................................................................................................................10

JURY DEMAND ..........................................................................................................................10



# I. NATURE OF THE CASE

1. When a person's vehicle is totaled in an accident, an automobile insurance company must not underpay claims by manipulating the data used to value the vehicle. Specifically, Washington law prohibits insurance companies from reducing claim values with arbitrary, unexplained, and unjustified adjustments to the condition of comparable vehicles that bear no relation to actual cash value. An insurer must not misstate or conceal material facts that bear upon its estimate of value.

2. In negotiating and settling total loss claims, First National Insurance Company of America (First National) flagrantly violates these rules. First National reduces the value of comparable vehicles by an arbitrary amount that it deems a "condition adjustment" without itemizing or explaining the basis for the adjustment as required by Washington law. First National applies a uniform "condition adjustment" to multiple comparable vehicles involved in a valuation without even distinguishing one vehicle from the next. These arbitrary and unjustified condition adjustments artificially and improperly reduce claim payments by hundreds or thousands of dollars.

3. First National's systematic under-valuations and underpayments violate its insurance contracts with its insureds as well as Washington statutes governing the adjustment of total loss claims. First National's actions also violate Washington prohibitions on consumer deception and settling insurance claims in bad faith.

4. Plaintiff brings this class action on behalf of all those insured under automobile insurance policies issued in the State of Washington by First National Insurance whose claim valuations were based upon the values of comparable vehicles that were reduced by artificial, unexplained "condition adjustments."

5. Plaintiff seeks for himself and the class compensatory damages, treble damages, and attorney's fees, as well as declaratory and injunctive relief.

# II. JURISDICTION

6. This Court has jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because the proposed Class consists of 100 or more members; the amount in

COMPLAINT - 1
Case No. 18-cv-05301
010743-12 1027622 V1

HAGENS BERMAN
1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

controversy exceeds $5,000,000, exclusive of costs and interest; and minimal diversity exists. Plaintiff is a citizen of Washington and First National is a citizen of New Hampshire (where it is incorporated and has its principal place of business).

7.      This Court has personal jurisdiction over First National because First National is a corporation licensed and authorized to do business in Washington and has transacted business in Washington. This Court has personal jurisdiction over Plaintiff because Plaintiff consents to this Court's jurisdiction.

### III.   VENUE

8.      Venue is proper in this District under 28 U.S.C. § 1391 because this is the District in which Plaintiff's insurance benefits were denied and the cause of action arose.

### IV.   PARTIES

9.      Plaintiff Cameron Lundquist was at all relevant times a resident of the State of Washington.

10.     At all times pertinent, Plaintiff Cameron Lundquist was insured under a policy of automobile insurance with First National that included coverage for the total loss of a vehicle.

11.     First National Insurance Company is a New Hampshire corporation with its principal place of business in New Hampshire.

### V.   FACTUAL ALLEGATIONS

**A.    First National relies on manipulated data to underpay total loss claims.**

12.     All allegations contained in previous paragraphs are incorporated herein by reference.

13.     First National is the second-largest personal lines insurance company in the United States. First National issues automobile insurance policies to consumers in the State of Washington.

14.     First National is an underwriting company wholly owned by Safeco Insurance. Safeco touts itself and its subsidiaries as reliable and trustworthy sources of insurance coverage. On its website, Safeco states that "trust matters when it comes to some of your biggest investments, like your home, car, and even your boat." Safeco claims that it "has always kept

COMPLAINT - 2
Case No. 18-cv-05301
010743-12 1027622 V1

HAGENS BERMAN
1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

with the tradition of putting our customers first." But when its customers' cars are wrecked in life-changing accidents, First National betrays these principles, playing games and putting profits ahead of people. First National fudges the numbers to shortchange vulnerable consumers, who have often lost their primary car and are relying on First National to pay fair value so they can afford to buy a replacement.

15. First National's standard form automobile policy provides coverage for the total loss of a vehicle in an accident.

16. For total loss claims, First National must base any cash settlement offer on the "actual cash value of a comparable motor vehicle." WASH. ADMIN. CODE § 284-30-391(2).

17. In the event of a total loss, First National promises in its policy that it will pay the insured the "actual cash value" of the vehicle before the accident.

18. For total loss claims, First National must "[b]ase all offers on itemized and verifiable dollar amounts for vehicles that are currently available . . . using appropriate deductions or additions for options, mileage or condition when determining comparability." WASH. ADMIN. CODE § 284-30-391(4)(b).

19. For total loss claims, "[a]ny additions or deductions from the actual cash value must be explained to the claimant and must be itemized showing specific dollar amounts." WASH. ADMIN. CODE § 284-30-391(5)(d). The purpose of this requirement is to ensure that any adjustments are reasonable and justified and to ensure that consumers have the ability to evaluate and challenge any deductions that are improper.

20. Systemically, First National fails to offer and pay the actual cash value.

21. First National bases its offers and payments on manipulated data and reports that do not meet First National's duties under Washington law, imposing arbitrary and unexplained "condition adjustments" to artificially reduce the values of comparable vehicles.

22. To calculate its offer and payment, First National obtains a valuation report from a third-party company called CCC Information Services, Inc. ("CCC"). These reports purport to contain values for comparable used vehicles recently sold or for sale in the geographic area of the insured. The reports contain a purported valuation for the loss vehicle based upon the data in

COMPLAINT - 3
Case No. 18-cv-05301
010743-12 1027622 V1

HAGENS BERMAN
1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

the report. First National instructs CCC as to what specific data to include in the report as the basis for the valuation, including whether to include condition adjustments to comparable vehicles.

23.     First National offers its insureds a claim settlement equivalent to the valuation amount found on the report.

24.     The valuation reports reduce the estimated values of comparable vehicles, citing a "condition adjustment," but fail to itemize or explain the basis for these condition adjustments. These condition adjustments are arbitrary and unjustified. Indeed, even though each comparable vehicle has unique characteristics, the reports reduce the value of multiple comparable vehicles by the same amount, down to the last dollar, without any itemization or explanation for the amount. These blind and arbitrary reductions bear no relation to the actual fair market value of the comparable vehicles or the loss vehicle. The application of an arbitrary condition adjustment to reduce the value of comparable vehicles artificially reduces the valuation of the loss vehicle to benefit the insurer at the expense of the insured.

**B.      First National underpaid the total loss claims of Plaintiff.**

25.     Plaintiff owned a vehicle which was involved in an accident and damaged so seriously as to be a total loss.

26.     Plaintiff made a claim with First National for the total loss of his vehicle. First National provided written settlement offers to Plaintiff.

27.     First National based each settlement offer upon a valuation report obtained from third-party CCC.

28.     Plaintiff was the owner of a 1998 Dodge Ram 2500 Quad Cab that was totaled in an accident in 2017. First National offered to pay, and did pay, $18,406.12 attributable to the value of the vehicle (minus deductible), citing its CCC valuation report. The valuation report listed values of three different comparable vehicles and applied a uniform condition adjustment of $936 to all three of them without itemizing or explaining the basis of the adjustment as required by Washington law. The report reduced the amount of these comparable vehicles by exactly the same amount, regardless of any individual differences in the condition of the

COMPLAINT - 4
Case No. 18-cv-05301
010743-12 1027622 V1

HAGENS BERMAN
1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1 vehicles. These blanket adjustments were arbitrary and unjustified, and they resulted in an underpayment of $936.

29. First National has acted with at least reckless disregard of the rights of others by manipulating the numbers to settle total loss claims. First National has devised valuation methods that are unfair, misleading, deliberately inconsistent, and calculated to confuse and deceive consumers and their advocates in the settlement process.

30. First National's practices have cost consumers tens of millions of dollars in losses as their claims go underpaid. Meanwhile, First National reaps millions in wrongful profits by betraying the trust of its consumers.

## VI.   CLASS ACTION ALLEGATIONS

31. This action is brought and may properly be maintained as a class action, as it satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of Federal Rule of Civil Procedure 23. Plaintiff brings all claims herein individually and as a class action (for the class defined below), pursuant to Federal Rule of Civil Procedure 23.

32. The class consists of the following:

> All individuals insured by First National under a First National private passenger vehicle policy who, from the earliest allowable time to the present, received a first-party total loss settlement or settlement offer based in whole or in part on the price of comparable vehicles reduced by a "condition adjustment."

33. While the exact number of members cannot be determined, the class consists at a minimum of thousands of persons located throughout the State of Washington. The members of the class are therefore so numerous that joinder of all members is impracticable. The exact number of class members can readily be determined by documents produced by First National.

34. There are questions of fact and law common to the class, including the following:

   i. Whether First National applied arbitrary and unexplained condition adjustments to comparable vehicles to calculate the value of loss vehicles;

   ii. Whether, through the foregoing practice, First National breached its contracts with its insureds;

COMPLAINT - 5
Case No. 18-cv-05301
010743-12 1027622 V1



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

    iii.    Whether, through the foregoing practice, First National committed a breach of the common law duty of good faith and fair dealing;

    iv.    Whether, through the foregoing practice, First National violated the Insurance Fair Conduct Act, WASH. REV. CODE § 48.30.010 *et seq.*;

    v.    Whether, through the foregoing practice, First National violated regulations governing unfair claims settlement practices including WASH. ADMIN. CODE § 284-30-330 *et seq.*;

    vi.    Whether, through the foregoing practice, First National violated the Consumer Protection Act, WASH. REV. CODE § 19.86.020;

    vii.    Whether First National's use of improper condition adjustments to value loss vehicles caused injury to Plaintiff and the class;

    viii.    Whether First National's actions were unreasonable, frivolous, or unfounded;

    ix.    Whether First National's actions were reckless, malicious, or willful;

    x.    Whether Plaintiff and the class are entitled to an award of compensatory damages;

    xi.    Whether Plaintiff and the class are entitled to an award of treble damages;

    xii.    Whether Plaintiff and the class are entitled to an award of attorney's fees;

    xiii.    Whether Plaintiff and the class are entitled to declaratory and injunctive relief.

35.    Plaintiff has the same interests in this matter as all other members of the class, and his claims are typical of those of all members of the class. Plaintiff's claims are coincident with and not antagonistic to those of other class members they seek to represent. Plaintiff and all class members have sustained damages arising out of First National's common course of conduct as outlined herein. The damages of each class member were caused by First National's wrongful conduct.

36.    Plaintiff is committed to pursuing this action and has retained competent class counsel experienced in insurance litigation and class action litigation. Plaintiff will fairly and adequately represent the interests of the class members.

COMPLAINT - 6
Case No. 18-cv-05301
010743-12 1027622 V1



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

37. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(2) because First National's actions are generally applicable to the class as a whole, and Plaintiff seeks, *inter alia*, equitable remedies with respect to the class as a whole.

38. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because the common questions of law and fact enumerated above predominate over questions affecting only individual members of the class, and a class action is the superior method for fair and efficient adjudication of the controversy. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation. Plaintiff's counsel, highly experienced in insurance litigation and class action litigation, foresees little difficulty in the management of this case as a class action.

### FIRST CAUSE OF ACTION
**(Breach of Contract)**

39. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

40. The First National insurance contract specifically provides for payment of the "actual cash value" of a vehicle deemed a total loss as a result of an automobile accident.

41. First National has breached the contract by not offering to settle and by not settling claims based upon the actual cash value of loss vehicles. First National departed from the use of actual cash values by basing its valuation and payment of the claim on values of comparable vehicles that have been artificially reduced by an arbitrary and unjustified "condition adjustment" that is not itemized or explained.

42. First National's numerous breaches have resulted in a systematic failure to pay the actual cash value of total loss vehicles as required by contract.

43. First National's breaches and violations have caused damage to Plaintiff and the class.

### SECOND CAUSE OF ACTION
**(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

44. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.



45. First National owed Plaintiff and class members, as its insureds, a duty of good faith and fair dealing at all times during the existence of the insurance contract and while providing automobile insurance coverage, including when handling total loss claims for its insureds.

46. First National purposefully, in bad faith, and without regard to the rights of the Plaintiff and the class, failed to pay the actual cash value of total loss vehicles. First National's actions breached the insurance contract and were unreasonable, frivolous, and unfounded.

47. First National's unfair acts and/or acts of bad faith include basing its valuation and payment of the claim on values of comparable vehicles that have been artificially reduced by an arbitrary and unjustified "condition adjustment" that is not itemized or explained.

48. First National breached the covenant of good faith and fair dealing with the aforementioned conduct.

49. First National's breach of the obligation of good faith and fair dealing caused Plaintiff and class members to incur damages as more fully set forth below.

**THIRD CAUSE OF ACTION**
**(Consumer Protection Act—Violation of WASH. REV. CODE § 19.86.020)**

50. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

51. First National's actions complained of herein are deceptive trade practices that have the capacity to and do deceive consumers, as First National unreasonably denied payment of benefits to Plaintiff and the class and knowingly misrepresented the basis for its total loss valuations. First National failed to adopt and implement reasonable standards for the investigation of claims. First National failed to conduct a reasonable investigation regarding its claims payments. First National's further made false representations as to the characteristics and benefits of its total loss coverage and insurance policies and represented that they were of a particular standard, quality, or grade knowing they were not.



52. First National's aforementioned conduct continues to occur in the course of First National's business. First National's conduct is part of a generalized course of conduct repeated on thousands of occasions, and thus has an impact on the public interest.

53. First National's aforementioned conduct is in violation of the Washington Consumer Protection Act, in particular, but not limited to, WASH. REV. CODE § 19.86.020.

54. As a result of First National's actions, Plaintiff and class members incurred damages as more fully set forth below.

**FOURTH CAUSE OF ACTION**
**(Declaratory and Injunctive Relief)**

55. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

56. Plaintiff brings this cause of action for himself and the class pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 seeking a declaration that, for those who maintain an auto insurance policy with First National, it is a violation of Washington law and the insurance contract for First National to base its valuation and payment of the claim on values of comparable vehicles that have been artificially reduced by an arbitrary and unjustified "condition adjustment" that is not itemized or explained.

57. This court has the power to declare the rights of said First National policyholders and those who would be insured under such policies and who may suffer similar losses in the future, as well as those who have suffered valuation-related losses.

58. Plaintiff, for himself and on behalf of the Class, seeks a declaration of rights under the First National policy, and seeks a declaration of the rights and liabilities of the parties herein.

59. With respect to First National's continuing unlawful practices, Plaintiff has no plain, speedy, or adequate remedy at law, the interests of the parties favor an injunction, and an injunction is in the public interest. Plaintiff therefore seeks an order permanently enjoining First National from basing its valuation and payment of the claim on values of comparable vehicles

COMPLAINT - 9
Case No. 18-cv-05301
010743-12 1027622 V1



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1 that have been artificially reduced by an arbitrary and unjustified "condition adjustment" that is
2 not itemized or explained.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following judgment:

A. An Order certifying this action as a class action, including certifying each cause of action under the appropriate subsection of Fed. R. Civ. P. 23;

B. An Order appointing Plaintiff as class representative and appointing the undersigned counsel to represent the class;

C. Declaratory and injunctive relief, including an injunction requiring First National to cease and desist from basing its valuation and payment of the claim on values of comparable vehicles that have been artificially reduced by an arbitrary and unjustified "condition adjustment" that is not itemized or explained;

C. Treble damages under common law and by statute, under WASH. REV. CODE § 19.86.090;

D. Compensatory damages as warranted by First National's breach of the contracts of insurance, and its bad faith;

E. An award of attorney's fees and costs, as provided by law and/or as would be reasonable from any recovery of monies recovered for or benefits bestowed upon the class; and

F. Such other and further relief as this Court may deem just, equitable, or proper, including a designation that any unclaimed monies may go to the next best use.

### JURY DEMAND

Pursuant to Rule Local Rules W.D. Wash. LCR 38, Plaintiff demands a trial by jury of all of the claims asserted in this complaint so triable.

COMPLAINT - 10
Case No. 18-cv-05301
010743-12 1027622 V1



HAGENS BERMAN
1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

| | |
|---|---|
| Dated: April 18, 2018 | Respectfully submitted, |
| | HAGENS BERMAN SOBOL SHAPIRO LLP |
| | By   */s/ Steve W. Berman* |
| |        Steve W. Berman |
| | Steve W. Berman (WSBA #12536) |
| | HAGENS BERMAN SOBOL SHAPIRO LLP |
| | 1918 Eighth Avenue, Suite 3300 |
| | Seattle, WA  98101 |
| | Telephone: (206) 623-7292 |
| | Facsimile:  (206) 623-0594 |
| | steve@hbsslaw.com |
| | robl@hbsslaw.com |
| | |
| | Robert B. Carey (*pro hac vice* pending) |
| | John M. DeStefano (*pro hac vice* pending) |
| | HAGENS BERMAN SOBOL SHAPIRO LLP |
| | 11 West Jefferson Street, Suite 1000 |
| | Phoenix, AZ  85003 |
| | Telephone: (602) 224-2628 |
| | johnd@hbsslaw.com |
| | |
| | Marc A. Goldich (*pro hac vice* pending) |
| | AXLER GOLDICH LLC |
| | 1520 Locust Street, Suite 301 |
| | Philadelphia, Pennsylvania 19102 |
| | Telephone: (267) 534-7400 |
| | mgoldich@axgolaw.com |
| | |
| | David Woloshin (*pro hac vice* pending) |
| | ASTOR WEISS KAPLAN & MANDEL LLP |
| | 200 South Broad Street, Suite 600 |
| | Philadelphia, PA 19102 |
| | Telephone: (215) 790-0100 |
| | dwoloshin@astorweiss.com |

COMPLAINT - 11
Case No. 18-cv-05301
010743-12 1027622 V1



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594