1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

11

CAMERON LUNDQUIST, an individual, and
LEEANA LARA, an individual, on behalf of
themselves and all others similarly situated,

No. 18-cv-05301

FIRST AMENDED COMPLAINT

12

Plaintiff,

13

v.

14

15

16

FIRST NATIONAL INSURANCE COMPANY
OF AMERICA, a New Hampshire Corporation,
and LM GENERAL INSURANCE
COMPANY, an Illinois Corporation,

**<u>JURY TRIAL DEMAND</u>**

17

Defendant.

18

19

20

21

22

23

24

25

26

27

28



1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1

**TABLE OF CONTENTS**

2                                                                                           **Page**

3    I.      NATURE OF THE CASE ........................................................................................ 1

4    II.     JURISDICTION .................................................................................................... 1

5    III.    VENUE................................................................................................................... 2

6    IV.     PARTIES ............................................................................................................... 2

7    V.      FACTUAL ALLEGATIONS ................................................................................. 3

8            A.      First National and LMGIC rely on manipulated data to underpay
                     total loss claims.......................................................................................... 3
9
             B.      First National underpaid the total loss claims of Plaintiff
10                   Lundquist. .................................................................................................. 5

11           C.      LMGIC underpaid the total loss claims of Plaintiff Lara. .................................. 6

12   VI.     CLASS ACTION ALLEGATIONS ........................................................................ 7

13   FIRST CAUSE OF ACTION (BREACH OF CONTRACT)......................................................... 9

14   SECOND CAUSE OF ACTION (BREACH OF THE IMPLIED COVENANT
             OF GOOD FAITH AND FAIR DEALING) ...................................................... 10
15
     THIRD CAUSE OF ACTION (CONSUMER PROTECTION ACT—
16           VIOLATION OF WASH. REV. CODE § 19.86.020) .................................................. 11

17   FOURTH CAUSE OF ACTION (DECLARATORY AND INJUNCTIVE
             RELIEF).......................................................................................................... 11
18
     PRAYER FOR RELIEF ................................................................................................. 12
19
     JURY DEMAND ............................................................................................................ 13

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT - i
Case No. 18-cv-05301
010743-12 1027622 V1



1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1

## I.     NATURE OF THE CASE

2      1.      When a person's vehicle is declared a total loss, an automobile insurance

3  company must not underpay claims by manipulating the data used to value the vehicle.

4  Specifically, Washington law prohibits insurance companies from reducing claim values with

5  arbitrary, unexplained, and unjustified adjustments to the condition of comparable vehicles that

6  bear no relation to actual cash value. An insurer must not misstate or conceal material facts that

7  bear upon its estimate of value.

8      2.      In negotiating and settling total loss claims, First National Insurance Company of

9  America (First National) and LM General Insurance Company (LMGIC) (collectively,

10 Defendants) flagrantly violate these rules. Defendants reduce the value of comparable vehicles

11 by an arbitrary amount that they deem a "condition adjustment" without itemizing or explaining

12 the basis for the adjustment as required by Washington law. Defendants apply a uniform

13 "condition adjustment" to multiple comparable vehicles involved in a valuation without even

14 distinguishing one vehicle from the next. These arbitrary and unjustified condition adjustments

15 artificially and improperly reduce claim payments by hundreds or thousands of dollars.

16     3.      The Defendants' systematic under-valuations and underpayments violate their

17 insurance contracts with their insureds as well as Washington statutes governing the adjustment

18 of total loss claims. Defendants' actions also violate Washington prohibitions on consumer

19 deception and settling insurance claims in bad faith.

20     4.      Plaintiffs bring this class action on behalf of all those insured under automobile

21 insurance policies issued in the State of Washington by First National Insurance or LM General

22 Insurance Company whose claim valuations were based upon the values of comparable vehicles

23 that were reduced by artificial, unexplained "condition adjustments."

24     5.      Plaintiffs seek for themselves and the class compensatory damages, treble

25 damages, and attorney's fees, as well as declaratory and injunctive relief.

26 ## II.     JURISDICTION

27     6.      This Court has jurisdiction pursuant to the Class Action Fairness Act of 2005, 28

28 U.S.C. § 1332(d), because the proposed Class consists of 100 or more members; the amount in

FIRST AMENDED COMPLAINT - 1
Case No. 18-cv-05301
010743-12 1027622 V1

HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1    controversy exceeds $5,000,000, exclusive of costs and interest; and minimal diversity exists.

2    Plaintiffs are citizens of Washington, First National is a citizen of New Hampshire (where it is

3    incorporated and has its principal place of business), and LMGIC is a citizen of Illinois (where it

4    is incorporated) and has its principal place of business in Massachusetts.

5         7.      This Court has personal jurisdiction over First National because First National is a

6    corporation licensed and authorized to do business in Washington and has transacted business in

7    Washington. This Court has personal jurisdiction over LMGIC because LMGIC is a corporation

8    licensed and authorized to do business in Washington and has transacted business in

9    Washington. This Court has personal jurisdiction over Plaintiffs because Plaintiffs consent to this

10   Court's jurisdiction.

11                            **III.    VENUE**

12        8.      Venue is proper in this District under 28 U.S.C. § 1391 because this is the District

13   in which Plaintiffs' insurance benefits were denied and the cause of action arose.

14                            **IV.    PARTIES**

15        9.      Plaintiff Cameron Lundquist ("Lundquist") was at all relevant times a resident of

16   the State of Washington.

17        10.     At all times pertinent, Lundquist was insured under a policy of automobile

18   insurance with First National that included coverage for the total loss of a vehicle.

19        11.     Plaintiff Leeana Lara ("Lara") was at all relevant times a resident of the State of

20   Washington.

21        12.     At all times pertinent, Lara was insured under a policy of automobile insurance

22   with LMGIC that included coverage for the total loss of a vehicle.

23        13.     First National Insurance Company is a New Hampshire corporation with its

24   principal place of business in New Hampshire.

25        14.     First National is an underwriting company wholly owned by Safeco Insurance

26   Company ("Safeco"), a New Hampshire insurance company. Safeco is wholly owned by Liberty

27   Mutual Agency Company, an insurance company incorporated in Delaware, which is wholly

28

FIRST AMENDED COMPLAINT - 2
Case No. 18-cv-05301
010743-12 1027622 V1



1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1    owned by Liberty Mutual Insurance Company, a Massachusetts insurance company (Liberty

2    Mutual).

3         15.    LM General Insurance Company is an Illinois corporation with its principal place

4    of business in Massachusetts.

5         16.    LM General Insurance Company is also wholly owned by Liberty Mutual.

6                       **V.      FACTUAL ALLEGATIONS**

7    **A.    First National and LMGIC rely on manipulated data to underpay total loss claims.**

8         17.    All allegations contained in previous paragraphs are incorporated herein by

9    reference.

10        18.    First National is the second-largest personal lines insurance company in the

11   United States. First National issues automobile insurance policies to consumers in the State of

12   Washington.

13        19.    Safeco touts itself and its subsidiaries as reliable and trustworthy sources of

14   insurance coverage. On its website, Safeco states "trust matters when it comes to some of your

15   biggest investments, like your home, car, and even your boat." Safeco claims that it "has always

16   kept with the tradition of putting our customers first."

17        20.    The Defendants' parent Company, Liberty Mutual, is the sixth largest automobile

18   insurance company in the nation. It wrote more than $10.7 million in auto insurance policies in

19   2017, approximately 5% of the national market share.

20        21.    Liberty Mutual's website boasts that it and its subsidiaries "[help] people preserve

21   and protect what they earn, build, own, and cherish. Keeping this promise means we are there

22   when our customers need us most."

23        22.    But when the Defendants' customers' cars are wrecked in life-changing accidents,

24   or are otherwise totaled, they betray these principles, playing games and putting profits ahead of

25   people. The Defendants fudge the numbers to shortchange vulnerable consumers, who have often

26   lost their primary car and are relying on the Defendants to pay fair value so they can afford to

27   buy a replacement.

28

FIRST AMENDED COMPLAINT - 3
Case No. 18-cv-05301
010743-12 1027622 V1



1    23.    The Defendants work in concert to create policies and infrastructure that cheat

2  their customers out of dollars to which they are entitled.

3    24.    As wholly owned subsidiaries of the same parent company, Liberty Mutual, First

4  National and LMGIC share common personnel, policies, and infrastructure regarding the

5  handling of total loss claims in Washington. For example, the companies share their

6  administrative headquarters at 175 Berkeley Street, Boston, Massachusetts. According to First

7  National's 2017 Annual Statement, the Defendants' Federal income tax returns are consolidated.

8  Defendants are also party to a management services agreement under which Liberty Mutual

9  provides each Defendant with office infrastructure and services including risk underwriting,

10  claims processing, claims adjustments, policyholder services, and contract management and

11  administration. Both companies use common personnel and resources for statutory compliance

12  matters. Both companies use CCC One valuation reports to value loss vehicles with no

13  distinction in form or substance between reports generated for one company or the other.

14    25.    Upon information and belief, both companies follow a single set of guidelines,

15  methods, and policies regarding the application of condition adjustments to loss vehicles and

16  comparable vehicles.

17    26.    First National and LMGIC's standard form automobile policies both provide

18  coverage for the total loss of a vehicle.

19    27.    For total loss claims, the Defendants must base any cash settlement offer on the

20  "actual cash value of a comparable motor vehicle." WASH. ADMIN. CODE § 284-30-391(2).

21    28.    In the event of a total loss, First National and LMGIC's policies each promise

22  they will pay the insured the "actual cash value" of the vehicle before the loss.

23    29.    For total loss claims, the Defendants must "[b]ase all offers on itemized and

24  verifiable dollar amounts for vehicles that are currently available . . . using appropriate

25  deductions or additions for options, mileage or condition when determining comparability."

26  WASH. ADMIN. CODE § 284-30-391(4)(b).

27    30.    For total loss claims, "[a]ny additions or deductions from the actual cash value

28  must be explained to the claimant and must be itemized showing specific dollar amounts."

FIRST AMENDED COMPLAINT - 4
Case No. 18-cv-05301
010743-12 1027622 V1



1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

WASH. ADMIN. CODE § 284-30-391(5)(d). The purpose of this requirement is to ensure that any adjustments are reasonable and justified and to ensure that consumers have the ability to evaluate and challenge any deductions that are improper.

31.    Systemically, the Defendants fail to offer and pay the actual cash value.

32.    First National and LMGIC base their offers and payments on manipulated data and reports that do not meet their duties under Washington law, imposing arbitrary and unexplained "condition adjustments" to artificially reduce the values of comparable vehicles.

33.    To calculate their offer and payment, Defendants obtain a valuation report from a third-party company called CCC Information Services, Inc. ("CCC"). These reports purport to contain values for comparable used vehicles recently sold or for sale in the geographic area of the insured. The reports contain a purported valuation for the loss vehicle based upon the data in the report. The Defendants instruct CCC as to what specific data to include in the report as the basis for the valuation, including whether to include condition adjustments to comparable vehicles.

34.    The Defendants offer their insureds a claim settlement equivalent to the valuation amount found on the report.

35.    The valuation reports reduce the estimated values of comparable vehicles, citing a "condition adjustment," but fail to itemize or explain the basis for these condition adjustments. These condition adjustments are arbitrary and unjustified. Indeed, even though each comparable vehicle has unique characteristics, the reports reduce the value of multiple comparable vehicles by the same amount, down to the last dollar, without any itemization or explanation for the amount. These blind and arbitrary reductions bear no relation to the actual fair market value of the comparable vehicles or the loss vehicle. The application of an arbitrary condition adjustment to reduce the value of comparable vehicles artificially reduces the valuation of the loss vehicle to benefit the insurer at the expense of the insured.

**B.    First National underpaid the total loss claims of Plaintiff Lundquist.**

36.    Lundquist owned a vehicle which was involved in an accident and damaged so seriously as to be a total loss.

FIRST AMENDED COMPLAINT - 5
Case No. 18-cv-05301
010743-12 1027622 V1

1    37.    Lundquist made a claim with First National for the total loss of his vehicle. First

2  National provided written settlement offers to Lundquist.

3    38.    First National based each settlement offer upon a valuation report obtained from

4  third-party CCC.

5    39.    Lundquist was the owner of a 1998 Dodge Ram 2500 Quad Cab that was totaled

6  in an accident in 2017. First National offered to pay, and did pay, $18,406.12 attributable to the

7  value of the vehicle (minus deductible), citing its CCC valuation report. The valuation report

8  listed values of three different comparable vehicles and applied a negative uniform condition

9  adjustment of $936 to all three of them without itemizing or explaining the basis of the

10  adjustment as required by Washington law. The report reduced the amount of these comparable

11  vehicles by exactly the same amount, regardless of any individual differences in the condition of

12  the vehicles. These blanket adjustments were arbitrary and unjustified, and they resulted in an

13  underpayment of $936.

14    40.    First National has acted with at least reckless disregard of the rights of others by

15  manipulating the numbers to settle total loss claims. First National has devised valuation

16  methods that are unfair, misleading, deliberately inconsistent, and calculated to confuse and

17  deceive consumers and their advocates in the settlement process.

18    41.    First National's practices have cost consumers tens of millions of dollars in losses

19  as their claims go underpaid. Meanwhile, First National reaps millions in wrongful profits by

20  betraying the trust of its consumers.

21  **C.    LMGIC underpaid the total loss claims of Plaintiff Lara.**

22    42.    Lara owned a vehicle which was involved in an accident and damaged so

23  seriously as to be a total loss.

24    43.    Lara made a claim with LMGIC for the total loss of her vehicle. LMGIC provided

25  written settlement offers to Lara.

26    44.    LMGIC based each settlement offer upon a valuation report obtained from third-

27  party CCC.

28

FIRST AMENDED COMPLAINT - 6
Case No. 18-cv-05301
010743-12 1027622 V1

HB  HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

45.     Lara was the owner of a 2015 Dodge Charger SXT that was totaled in an accident in 2017. LMGIC offered to pay, and did pay, $15,560.93 based upon a valuation of $17,224.00 before applying taxes, fees, and deductions, citing its CCC valuation. The CCC valuation report listed values of two different comparable vehicles and applied a negative uniform condition adjustment of $842 to both of them without itemizing or explaining the basis of the adjustment as required by Washington law. The report reduced the amount of these comparable vehicles by exactly the same amount, regardless of any individual differences in the condition of the vehicles. These blanket adjustments were arbitrary and unjustified, and they resulted in an underpayment of $842.

46.     As a result of LMGIC's undervaluation of Lara's vehicle and resulting dispute between Lara and LMGIC, the payment of Lara's claim was delayed leaving her without the settlement funds needed to purchase a replacement vehicle and causing her additional out-of-pocket losses including approximately $3,000 in fees for storage of the wreck charged by LMGIC as well as the expense of hiring an adjuster to dispute her claim.

47.     LMGIC has acted with at least reckless disregard of the rights of others by manipulating the numbers to settle total loss claims. LMGIC has devised valuation methods that are unfair, misleading, deliberately inconsistent, and calculated to confuse and deceive consumers and their advocates in the settlement process.

48.     LMGIC's practices have cost consumers tens of millions of dollars in losses as their claims go underpaid. Meanwhile, LMGIC reaps millions in wrongful profits by betraying the trust of its consumers.

## VI.     CLASS ACTION ALLEGATIONS

49.     This action is brought and may properly be maintained as a class action, as it satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of Federal Rule of Civil Procedure 23. Plaintiffs bring all claims herein individually and as a class action (for the class defined below), pursuant to Federal Rule of Civil Procedure 23.

FIRST AMENDED COMPLAINT - 7
Case No. 18-cv-05301
010743-12 1027622 V1

HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1

50.     The class consists of the following:

2

3

4

> All individuals insured by the Defendants under a private
> passenger vehicle policy who, from the earliest allowable time to
> the present, received a first-party total loss settlement or settlement
> offer based in whole or in part on the price of comparable vehicles
> reduced by a "condition adjustment."

5          51.     While the exact number of members cannot be determined, the class consists at a

6      minimum of thousands of persons located throughout the State of Washington. The members of

7      the class are therefore so numerous that joinder of all members is impracticable. The exact

8      number of class members can readily be determined by documents produced by the Defendants.

9          52.     There are questions of fact and law common to the class, including the following:

10                    i.     Whether the Defendants applied arbitrary and unexplained condition
                            adjustments to comparable vehicles to calculate the value of loss vehicles;

11

12                   ii.     Whether, through the foregoing practice, the Defendants breached their
                            contracts with their insureds;

13

14                  iii.     Whether, through the foregoing practice, the Defendants committed a breach
                            of the common law duty of good faith and fair dealing;

15                   iv.     Whether, through the foregoing practice, the Defendants violated the
                            Insurance Fair Conduct Act, WASH. REV. CODE § 48.30.010 *et seq.*;

16

17                    v.     Whether, through the foregoing practice, the Defendants violated
                            regulations governing unfair claims settlement practices including WASH.
                            ADMIN. CODE § 284-30-330 *et seq.*;

18

19                   vi.     Whether, through the foregoing practice, the Defendants violated the
                            Consumer Protection Act, WASH. REV. CODE § 19.86.020;

20

21                  vii.     Whether the Defendants' use of improper condition adjustments to value
                            loss vehicles caused injury to Plaintiffs and the class;

22                 viii.     Whether Defendants' actions were unreasonable, frivolous, or unfounded;

23                   ix.     Whether Defendants' actions were reckless, malicious, or willful;

24
                      x.     Whether Plaintiffs and the class are entitled to an award of compensatory
25                          damages;

26                   xi.     Whether Plaintiffs and the class are entitled to an award of treble damages;

27                  xii.     Whether Plaintiffs and the class are entitled to an award of attorney's fees;

28

FIRST AMENDED COMPLAINT - 8
Case No. 18-cv-05301
010743-12 1027622 V1



1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

xiii.    Whether Plaintiffs and the class are entitled to declaratory and injunctive relief.

53.    Plaintiffs have the same interests in this matter as all other members of the class, and their claims are typical of those of all members of the class. Plaintiffs' claims are coincident with and not antagonistic to those of other class members they seek to represent. Plaintiffs and all class members have sustained damages arising out of the Defendants' common course of conduct as outlined herein. The damages of each class member were caused by the Defendants' wrongful conduct.

54.    Plaintiffs are committed to pursuing this action and have retained competent class counsel experienced in insurance litigation and class action litigation. Plaintiffs will fairly and adequately represent the interests of the class members.

55.    Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(2) because the Defendants' actions are generally applicable to the class as a whole, and Plaintiffs seeks, *inter alia*, equitable remedies with respect to the class as a whole.

56.    Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because the common questions of law and fact enumerated above predominate over questions affecting only individual members of the class, and a class action is the superior method for fair and efficient adjudication of the controversy. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation. Plaintiffs' counsel, highly experienced in insurance litigation and class action litigation, foresees little difficulty in the management of this case as a class action.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

57.    Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

58.    The First National and LMGIC insurance contracts specifically provide for payment of the "actual cash value" of a vehicle deemed a total loss.

FIRST AMENDED COMPLAINT - 9
Case No. 18-cv-05301
010743-12 1027622 V1



HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

59.     The Defendants have breached their contracts by not offering to settle and by not settling claims based upon the actual cash value of loss vehicles. The Defendants departed from the use of actual cash values by basing their valuation and payment of the claim on values of comparable vehicles that have been artificially reduced by an arbitrary and unjustified "condition adjustment" that is not itemized or explained.

60.     The Defendants' numerous breaches have resulted in a systematic failure to pay the actual cash value of total loss vehicles as required by contract.

61.     The Defendants' breaches and violations have caused damage to Plaintiffs and the class.

### SECOND CAUSE OF ACTION
#### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

62.     Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

63.     The Defendants owed Plaintiffs and class members, as their insureds, a duty of good faith and fair dealing at all times during the existence of the insurance contract and while providing automobile insurance coverage, including when handling total loss claims for their insureds.

64.     Defendants purposefully, in bad faith, and without regard to the rights of the Plaintiffs and the class, failed to pay the actual cash value of total loss vehicles. Defendants' actions breached the insurance contract and were unreasonable, frivolous, and unfounded.

65.     Defendants' unfair acts and/or acts of bad faith include basing their valuation and payment of claims on values of comparable vehicles that have been artificially reduced by an arbitrary and unjustified "condition adjustment" that is not itemized or explained.

66.     Defendants breached the covenant of good faith and fair dealing with the aforementioned conduct.

67.     Defendants' breach of the obligation of good faith and fair dealing caused Plaintiffs and class members to incur damages as more fully set forth below.

FIRST AMENDED COMPLAINT - 10
Case No. 18-cv-05301
010743-12 1027622 V1



1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

## THIRD CAUSE OF ACTION
### (Consumer Protection Act—Violation of WASH. REV. CODE § 19.86.020)

68.     Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

69.     Defendants' actions complained of herein are deceptive trade practices that have the capacity to and do deceive consumers, as Defendants unreasonably denied payment of benefits to Plaintiffs and the class and knowingly misrepresented the basis for their total loss valuations. Defendants failed to adopt and implement reasonable standards for the investigation of claims. Defendants failed to conduct a reasonable investigation regarding their claims payments. Defendants further made false representations as to the characteristics and benefits of their total loss coverage and insurance policies and represented that they were of a particular standard, quality, or grade knowing they were not.

70.     Defendants' aforementioned conduct continues to occur in the course of their business. Defendants' conduct is part of a generalized course of conduct repeated on thousands of occasions, and thus has an impact on the public interest.

71.     Defendants' aforementioned conduct is in violation of the Washington Consumer Protection Act, in particular, but not limited to, WASH. REV. CODE § 19.86.020.

72.     As a result of Defendants' actions, Plaintiffs and class members incurred damages as more fully set forth below.

## FOURTH CAUSE OF ACTION
### (Declaratory and Injunctive Relief)

73.     Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

74.     Plaintiffs bring this cause of action for themselves and the class pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 seeking a declaration that, for those who maintain an auto insurance policy with the Defendants, it is a violation of Washington law and the insurance contract for Defendants to base their valuation and payment of claims on values of comparable vehicles that have been artificially reduced by an arbitrary and unjustified "condition adjustment" that is not itemized or explained.

FIRST AMENDED COMPLAINT - 11
Case No. 18-cv-05301
010743-12 1027622 V1



1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1    75.    This court has the power to declare the rights of said First National and LMGIC

2    policyholders and those who would be insured under such policies and who may suffer similar

3    losses in the future, as well as those who have suffered valuation-related losses.

4    76.    Plaintiffs, for themselves and on behalf of the Class, seek a declaration of rights

5    under the First National policy and the LMGIC policy, and seek a declaration of the rights and

6    liabilities of the parties herein.

7    77.    With respect to Defendants' continuing unlawful practices, Plaintiffs have no

8    plain, speedy, or adequate remedy at law, the interests of the parties favor an injunction, and an

9    injunction is in the public interest. Plaintiffs therefore seeks an order permanently enjoining the

10   Defendants from basing their valuations and payments of claims on values of comparable

11   vehicles that have been artificially reduced by an arbitrary and unjustified "condition

12   adjustment" that is not itemized or explained.

13                                    **PRAYER FOR RELIEF**

14   WHEREFORE, Plaintiffs pray for the following judgment:

15   A.    An Order certifying this action as a class action, including certifying each cause

16   of action under the appropriate subsection of Fed. R. Civ. P. 23;

17   B.    An Order appointing Plaintiffs as class representatives and appointing the

18   undersigned counsel to represent the class;

19   C.    Declaratory and injunctive relief, including an injunction requiring Defendants to

20   cease and desist from basing their valuation and payment of the claim on values of comparable

21   vehicles that have been artificially reduced by an arbitrary and unjustified "condition

22   adjustment" that is not itemized or explained;

23   D.    Treble damages under common law and by statute, under WASH. REV. CODE

24   § 19.86.090;

25   E.    Compensatory damages as warranted by Defendants' breach of the contracts of

26   insurance, and their bad faith;

27   F.    An award of attorney's fees and costs, as provided by law and/or as would be

28   reasonable from any recovery of monies recovered for or benefits bestowed upon the class; and

HB   HAGENS BERMAN

1        G.      Such other and further relief as this Court may deem just, equitable, or proper,

2  including a designation that any unclaimed monies may go to the next best use.

3                                          **JURY DEMAND**

4        Pursuant to Rule Local Rules W.D. Wash. LCR 38, Plaintiffs demand a trial by jury of all

5  of the claims asserted in this complaint so triable.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT - 13
Case No. 18-cv-05301
010743-12 1027622 V1

HB   HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1   Dated:  November 26, 2018          Respectfully submitted,

2                                      HAGENS BERMAN SOBOL SHAPIRO LLP

3                                      By ___ */s/ Steve W. Berman*_____

4                                            Steve W. Berman
                                       Steve W. Berman (WSBA #12536)
5                                      HAGENS BERMAN SOBOL SHAPIRO LLP
                                       1301 Second Avenue, Suite 2000
6                                      Seattle, WA  98101
                                       Telephone: (206) 623-7292
7                                      Facsimile:  (206) 623-0594
                                       steve@hbsslaw.com

8
                                       Robert B. Carey (*pro hac vice*)
9                                      John M. DeStefano (*pro hac vice*)
                                       HAGENS BERMAN SOBOL SHAPIRO LLP
10                                     11 West Jefferson Street, Suite 1000
                                       Phoenix, AZ  85003
11                                     Telephone: (602) 224-2628
                                       rob@hbsslaw.com
12                                     johnd@hbsslaw.com

13                                     Marc A. Goldich (*pro hac vice*)
                                       AXLER GOLDICH LLC
14                                     1520 Locust Street, Suite 301
                                       Philadelphia, Pennsylvania 19102
15                                     Telephone: (267) 534-7400
                                       mgoldich@axgolaw.com

16
                                       David Woloshin (*pro hac vice*)
17                                     Dina Ronsayro *(pro hac vice)*
                                       ASTOR WEISS KAPLAN & MANDEL LLP
18                                     200 South Broad Street, Suite 600
                                       Philadelphia, PA 19102
19                                     Telephone: (215) 790-0100
                                       dwoloshin@astorweiss.com
20                                     dronsayro@astorweiss.com

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT - 14
Case No. 18-cv-05301
010743-12 1027622 V1



1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on November 26, 2018 a true and correct copy of the foregoing was filed

electronically by CM/ECF, which caused notice to be sent to all counsel of record.


<u>s/ *Steve W. Berman*</u>
Steve W. Berman

FIRST AMENDED COMPLAINT - 15
Case No. 18-cv-05301
010743-12 1027622 V1


1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594