UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| CAMERON LUNDQUIST, an individual, and LEEANA LARA, an individual, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FIRST NATIONAL INSURANCE COMPANY OF AMERICA, a New Hampshire Corporation, and LM GENERAL INSURANCE COMPANY, an Illinois Corporation,<br><br>Defendants. | No. 18-cv-05301 RJB<br><br>DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT<br><br>**JURY TRIAL DEMANDED** |

First National Insurance Company of America ("First National") and LM General Insurance Company ("LMGIC"), (collectively, Defendants), by their attorneys, hereby answer Plaintiffs' First Amended Complaint ("Complaint") as follows:

## I.    NATURE OF THE CASE

1.      When a person's vehicle is declared a total loss, an automobile insurance company must not underpay claims by manipulating the data used to value the vehicle. Specifically, Washington law prohibits insurance companies from reducing claim values with arbitrary, unexplained, and unjustified adjustments to the condition of comparable vehicles

WILSON
SMITH
COCHRAN
DICKERSON

901 Fifth Avenue, Suite 1700
Seattle, Washington 98164
Telephone: (206) 623-4100
Fax: (206) 623-9273

that bear no relation to actual cash value. An insurer must not misstate or conceal material facts that bear upon its estimate of value.

**ANSWER:**    Paragraph 1 purports to describe Washington law and is thus a legal conclusion, and not a factual averment, and therefore no answer is required by Defendants.

Defendants deny any remaining allegations of Paragraph 1.

2.    In negotiating and settling total loss claims, First National Insurance Company of America (First National) and LM General Insurance Company (LMGIC) (collectively, Defendants) flagrantly violate these rules. Defendants reduce the value of comparable vehicles by an arbitrary amount that they deem a "condition adjustment" without itemizing or explaining the basis for the adjustment as required by Washington law. Defendants apply a uniform "condition adjustment" to multiple comparable vehicles involved in a valuation without even distinguishing one vehicle from the next. These arbitrary and unjustified condition adjustments artificially and improperly reduce claim payments by hundreds or thousands of dollars.

**ANSWER:**    Defendants deny the allegations of Paragraph 2.

3.    The Defendants' systematic under-valuations and underpayments violate their insurance contracts with their insureds as well as Washington statutes governing the adjustment of total loss claims. Defendants' actions also violate Washington prohibitions on consumer deception and settling insurance claims in bad faith.

**ANSWER:**    Defendants deny the allegations of Paragraph 3.

4.    Plaintiffs bring this class action on behalf of all those insured under automobile insurance policies issued in the State of Washington by First National Insurance or LM General Insurance Company whose claim valuations were based upon the values of comparable vehicles that were reduced by artificial, unexplained "condition adjustments."

**ANSWER:**    Defendants admit the Plaintiffs purport to bring this action on behalf of Defendants' insureds but deny the remaining allegations of Paragraph 4.

5.    Plaintiffs seek for themselves and the class compensatory damages, treble damages, and attorney's fees, as well as declaratory and injunctive relief.

**ANSWER:**    Defendants admit the Plaintiffs purport to bring this action on behalf of Defendants' insureds and themselves for damages and other relief, but deny the remaining allegations of Paragraph 5.

WILSON
SMITH
COCHRAN
DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

## II.    JURISDICTION

6.    This Court has jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because the proposed Class consists of 100 or more members; the amount in controversy exceeds $5,000,000, exclusive of costs and interest; and minimal diversity exists. Plaintiffs are citizens of Washington, First National is a citizen of New Hampshire (where it is incorporated and has its principal place of business), and LMGIC is a citizen of Illinois (where it is incorporated) and has its principal place of business in Massachusetts.

**ANSWER:**    Defendants admit First National is a company organized under the laws of the State of New Hampshire and LMGIC is a company organized under the laws of the State of Illinois.  Defendants deny that First National's principal place of business is in New Hampshire or that LMGIC's principal place of business in in Illinois.  Further answering, Defendants maintain their principal places of business in the State of Massachusetts.  Defendants are without knowledge or information sufficient to form a belief as to whether Plaintiffs are citizens of Washington and whether the amount in controversy exceeds $5,000,000, exclusive of interest and cost, and therefore deny same.  Defendants deny any remaining allegations of Paragraph 6.

7.    This Court has personal jurisdiction over First National because First National is a corporation licensed and authorized to do business in Washington and has transacted business in Washington. This Court has personal jurisdiction over LMGIC because LMGIC is a corporation licensed and authorized to do business in Washington and has transacted business in Washington. This Court has personal jurisdiction over Plaintiffs because Plaintiffs consent to this Court's jurisdiction.

**ANSWER:**    Defendants admit the allegations of Paragraph 7.

## III.    VENUE

8.    Venue is proper in this District under 28 U.S.C. § 1391 because this is the District in which Plaintiffs' insurance benefits were denied and the cause of action arose.

**ANSWER:**    Defendants admit that venue is proper in this District because this is where Plaintiffs' cause of action arose but deny any remaining allegations of Paragraph 8.

WILSON
SMITH
COCHRAN
DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

# IV.    PARTIES

9.    Plaintiff Cameron Lundquist ("Lundquist") was at all relevant times a resident of the State of Washington.

**ANSWER:**    Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 9.

10.    At all times pertinent, Lundquist was insured under a policy of automobile insurance with First National that included coverage for the total loss of a vehicle.

**ANSWER:**    Defendants admit the allegations of Paragraph 10.

11.    Plaintiff Leeana Lara ("Lara") was at all relevant times a resident of the State of Washington.

**ANSWER:**    Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 11.

12.    At all times pertinent, Lara was insured under a policy of automobile insurance with LMGIC that included coverage for the total loss of a vehicle.

**ANSWER:**    Defendants admit the allegations of Paragraph 12.

13.    First National Insurance Company is a New Hampshire corporation with its principal place of business in New Hampshire.

**ANSWER:**    FNIC admits that it is incorporated under the laws of New Hampshire. FNIC denies the remaining allegations of Paragraph 13.

14.    First National is an underwriting company wholly owned by Safeco Insurance Company ("Safeco"), a New Hampshire insurance company. Safeco is wholly owned by Liberty Mutual Agency Company, an insurance company incorporated in Delaware, which is wholly owned by Liberty Mutual Insurance Company, a Massachusetts insurance company (Liberty Mutual).

**ANSWER:**    Defendants admit the allegations of Paragraph 14.

15.    LM General Insurance Company is an Illinois corporation with its principal place of business in Massachusetts.

**ANSWER:**    Defendants admit the allegations of Paragraph 15.

DEFENDANTS' ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT (Cause No. 18-
cv-05301 RJB) – 4
JMS1379.669/3082882x

WILSON
SMITH
COCHRAN
DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

16. LM General Insurance Company is also wholly owned by Liberty Mutual.

**ANSWER:** Defendants admit the allegations of Paragraph 16.

## V. FACTUAL ALLEGATIONS

**A. First National and LMGIC rely on manipulated data to underpay total loss claims.**

17. All allegations contained in previous paragraphs are incorporated herein by reference.

**ANSWER:** Defendants restate their answers to Paragraph 1-17 above.

18. First National is the second-largest personal lines insurance company in the United States. First National issues automobile insurance policies to consumers in the State of Washington.

**ANSWER:** Defendants deny the allegations of Paragraph 18.

19. Safeco touts itself and its subsidiaries as reliable and trustworthy sources of insurance coverage. On its website, Safeco states "trust matters when it comes to some of your biggest investments, like your home, car, and even your boat." Safeco claims that it "has always kept with the tradition of putting our customers first."

**ANSWER:** Defendants admit the allegations of Paragraph 19.

20. The Defendants' parent Company, Liberty Mutual, is the sixth largest automobile insurance company in the nation. It wrote more than $10.7 million in auto insurance policies in 2017, approximately 5% of the national market share.

**ANSWER:** Defendants admit the allegations of Paragraph 20.

21. Liberty Mutual's website boasts that it and its subsidiaries "[help] people preserve and protect what they earn, build, own, and cherish. Keeping this promise means we are there when our customers need us most."

**ANSWER:** Defendants admit the allegations of Paragraph 21.

22. But when the Defendants' customers' cars are wrecked in life-changing accidents, or are otherwise totaled, they betray these principles, playing games and putting profits ahead of people. The Defendants fudge the numbers to shortchange vulnerable consumers, who have often lost their primary car and are relying on the Defendants to pay fair value so they can afford to buy a replacement.

**ANSWER:** Defendants deny the allegations of Paragraph 22.

DEFENDANTS' ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT (Cause No. 18-
cv-05301 RJB) – 5
JMS1379.669/3082882x

WILSON
SMITH
COCHRAN
DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

23.    The Defendants work in concert to create policies and infrastructure that cheat their customers out of dollars to which they are entitled.

**ANSWER:**    Defendants deny the allegations of Paragraph 23.

24.    As wholly owned subsidiaries of the same parent company, Liberty Mutual, First National and LMGIC share common personnel, policies, and infrastructure regarding the handling of total loss claims in Washington. For example, the companies share their administrative headquarters at 175 Berkeley Street, Boston, Massachusetts. According to First National's 2017 Annual Statement, the Defendants' Federal income tax returns are consolidated. Defendants are also party to a management services agreement under which Liberty Mutual provides each Defendant with office infrastructure and services including risk underwriting, claims processing, claims adjustments, policyholder services, and contract management and administration. Both companies use common personnel and resources for statutory compliance matters. Both companies use CCC One valuation reports to value loss vehicles with no distinction in form or substance between reports generated for one company or the other.

**ANSWER:**    Defendants admit that they share the same ultimate parent company

and administrative headquarters at the address mentioned in Boston and that their results are

reported on consolidated tax returns.  Defendants admit that they are party to a management

services agreement under which Liberty Mutual provides each Defendant with office

infrastructure and services, including risk underwriting, certain claims processing, policy

holder services, and contract administration.  Defendants admit that they use common

personnel and resources for statutory compliance matters.  Defendants admit that they both

currently use CCC  valuation reports to assist with valuation  of total loss vehicles.

Defendants deny the remaining allegations of Paragraph 24.

25.    Upon information and belief, both companies follow a single set of guidelines, methods, and policies regarding the application of condition adjustments to loss vehicles and comparable vehicles.

**ANSWER:**    Defendants deny the allegations of Paragraph 25.

26.    First National and LMGIC's standard form automobile policies both provide coverage for the total loss of a vehicle.

**ANSWER:**    Defendants admit the allegations of Paragraph 26.

WILSON
SMITH
COCHRAN
DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

27. For total loss claims, the Defendants must base any cash settlement offer on the "actual cash value of a comparable motor vehicle." WASH. ADMIN. CODE § 284-30-391(2).

**ANSWER:** Defendants admit the allegations of Paragraph 27.

28. In the event of a total loss, First National and LMGIC's policies each promise they will pay the insured the "actual cash value" of the vehicle before the loss.

**ANSWER:** Defendants admit that the policies issued to the Plaintiffs provide automobile coverage for the actual cash value of a total loss vehicle subject to the terms and conditions of the policy issued to the insured. Defendants deny the remaining allegations of Paragraph 28.

29. For total loss claims, the Defendants must "[b]ase all offers on itemized and verifiable dollar amounts for vehicles that are currently available . . . using appropriate deductions or additions for options, mileage or condition when determining comparability." WASH. ADMIN. CODE § 284-30-391(4)(b).

**ANSWER:** Defendants admit the allegations of Paragraph 29.

30. For total loss claims, "[a]ny additions or deductions from the actual cash value must be explained to the claimant and must be itemized showing specific dollar amounts." WASH. ADMIN. CODE § 284-30-391(5)(d). The purpose of this requirement is to ensure that any adjustments are reasonable and justified and to ensure that consumers have the ability to evaluate and challenge any deductions that are improper.

**ANSWER:** Defendants admit that the Washington Administrative code includes the terms set forth in the first sentence of Paragraph 30. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 30, and therefore deny same.

31. Systemically, the Defendants fail to offer and pay the actual cash value.

**ANSWER:** Defendants deny the allegations of Paragraph 31.

32. First National and LMGIC base their offers and payments on manipulated data and reports that do not meet their duties under Washington law, imposing arbitrary and unexplained "condition adjustments" to artificially reduce the values of comparable vehicles.

**ANSWER:** Defendants deny the allegations of Paragraph 32.

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT (Cause No. 18-cv-05301 RJB) – 7
JMS1379.669/3082882x

WILSON SMITH COCHRAN DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

33. To calculate their offer and payment, Defendants obtain a valuation report from a third-party company called CCC Information Services, Inc. ("CCC"). These reports purport to contain values for comparable used vehicles recently sold or for sale in the geographic area of the insured. The reports contain a purported valuation for the loss vehicle based upon the data in the report. The Defendants instruct CCC as to what specific data to include in the report as the basis for the valuation, including whether to include condition adjustments to comparable vehicles.

**ANSWER:** Defendants admit the allegations in the first, second and third sentences of Paragraph 33. Defendants deny any remaining allegations of Paragraph 33.

34. The Defendants offer their insureds a claim settlement equivalent to the valuation amount found on the report.

**ANSWER:** Defendants deny the allegations of Paragraph 34.

35. The valuation reports reduce the estimated values of comparable vehicles, citing a "condition adjustment," but fail to itemize or explain the basis for these condition adjustments. These condition adjustments are arbitrary and unjustified. Indeed, even though each comparable vehicle has unique characteristics, the reports reduce the value of multiple comparable vehicles by the same amount, down to the last dollar, without any itemization or explanation for the amount. These blind and arbitrary reductions bear no relation to the actual fair market value of the comparable vehicles or the loss vehicle. The application of an arbitrary condition adjustment to reduce the value of comparable vehicles artificially reduces the valuation of the loss vehicle to benefit the insurer at the expense of the insured.

**ANSWER:** Defendants admit that the valuation reports often include condition adjustments to achieve comparability with the loss vehicle. Defendants deny the remaining allegations of Paragraph 35.

**B. First National underpaid the total loss claims of Plaintiff Lundquist.**

36. Lundquist owned a vehicle which was involved in an accident and damaged so seriously as to be a total loss.

**ANSWER:** Defendants admit the allegations of Paragraph 36.

37. Lundquist made a claim with First National for the total loss of his vehicle. First National provided written settlement offers to Lundquist.

WILSON
SMITH
COCHRAN
DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

**ANSWER:**     Defendants admit Plaintiff Lundquist made a claim for the total loss of a vehicle and that First National provided Plaintiff Lundquist with a written settlement offer, which he accepted without objection.  Defendants deny the remaining allegations of Paragraph 37.

38.     First National based each settlement offer upon a valuation report obtained from third-party CCC.

**ANSWER:**     Defendants admit that First National based its settlement offer in part on the valuation report supplied by CCC.  Defendants deny the remaining allegations of Paragraph 38.

39.     Lundquist was the owner of a 1998 Dodge Ram 2500 Quad Cab that was totaled in an accident in 2017. First National offered to pay, and did pay, $18,406.12 attributable to the value of the vehicle (minus deductible), citing its CCC valuation report. The valuation report listed values of three different comparable vehicles and applied a negative uniform condition adjustment of $936 to all three of them without itemizing or explaining the basis of the adjustment as required by Washington law. The report reduced the amount of these comparable vehicles by exactly the same amount, regardless of any individual differences in the condition of the vehicles. These blanket adjustments were arbitrary and unjustified, and they resulted in an underpayment of $936.

**ANSWER:**     Defendants admit the allegations of the first sentence of Paragraph 39.  Defendants admit that they offered to pay, and did pay Plaintiff  Lundquist's claim.  Defendants admit that the settlement reflected a reduction for a deductible of $1,000 and that the settlement was based in part on the CCC valuation report.  Further answering, for the settlement, First National paid Plaintiff Lundquist $16,820.80.  The settlement also reflected a reduction of $659 to account for the Plaintiff  Lundquist's retention of the loss vehicle.  Defendants admit that the valuation report included adjustments to the comparable vehicles to set their dealer ready condition to normal wear condition, and that the adjustments were $936 for each comparable vehicle.  Defendants deny any remaining allegations of Paragraph 39.

WILSON
SMITH
COCHRAN
DICKERSON

901 Fifth Avenue, Suite 1700
Seattle, Washington  98164
Telephone: (206) 623-4100
Fax: (206) 623-9273

40. First National has acted with at least reckless disregard of the rights of others by manipulating the numbers to settle total loss claims. First National has devised valuation methods that are unfair, misleading, deliberately inconsistent, and calculated to confuse and deceive consumers and their advocates in the settlement process.

**ANSWER:** Defendants deny the allegations of Paragraph 40.

41. First National's practices have cost consumers tens of millions of dollars in losses as their claims go underpaid. Meanwhile, First National reaps millions in wrongful profits by betraying the trust of its consumers.

**ANSWER:** Defendants deny the allegations of Paragraph 41.

**C.   LMGIC underpaid the total loss claims of Plaintiff Lara.**

42. Lara owned a vehicle which was involved in an accident and damaged so seriously as to be a total loss.

**ANSWER:** Defendants admit the allegations of Paragraph 42.

43. Lara made a claim with LMGIC for the total loss of her vehicle. LMGIC provided written settlement offers to Lara.

**ANSWER:** Defendants admit the allegations of Paragraph 43.

44. LMGIC based each settlement offer upon a valuation report obtained from third-party CCC.

**ANSWER:**   Defendants admit that LMGIC based its settlement offer to Plaintiff Lara in part on the valuation report supplied by CCC.  Defendants deny the remaining allegations of Paragraph 44.

45. Lara was the owner of a 2015 Dodge Charger SXT that was totaled in an accident in 2017. LMGIC offered to pay, and did pay, $15,560.93 based upon a valuation of $17,224.00 before applying taxes, fees, and deductions, citing its CCC valuation. The CCC valuation report listed values of two different comparable vehicles and applied a negative uniform condition adjustment of $842 to both of them without itemizing or explaining the basis of the adjustment as required by Washington law. The report reduced the amount of these comparable vehicles by exactly the same amount, regardless of any individual differences in the condition of the vehicles. These blanket adjustments were arbitrary and unjustified, and they resulted in an underpayment of $842.

WILSON
SMITH
COCHRAN
DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

**ANSWER:** Defendants admit the allegations of the first sentence of Paragraph 39. Defendants admit that they offered to pay, and did pay Plaintiff Lara's claim. Defendants admit that the settlement was based in part on the CCC valuation report and that LMGIC paid Plaintiff Lara $15,560.93. The settlement reflected a reduction for excess storage fees ($3,066) and for the Lara's deductible ($500). Defendants admit that the valuation report included adjustments to the comparable vehicles to set their dealer ready condition to normal wear condition, and that the negative adjustments were $842 for each comparable vehicle. Further answering, Plaintiff Lara received an upward condition adjustment of $529 for the elements of the Loss Vehicle that were in dealer-ready condition. Defendants deny any remaining allegations of Paragraph 45.

46. As a result of LMGIC's undervaluation of Lara's vehicle and resulting dispute between Lara and LMGIC, the payment of Lara's claim was delayed leaving her without the settlement funds needed to purchase a replacement vehicle and causing her additional out-of-pocket losses including approximately $3,000 in fees for storage of the wreck charged by LMGIC as well as the expense of hiring an adjuster to dispute her claim.

**ANSWER:** Defendants deny the allegations of Paragraph 46.

47. LMGIC has acted with at least reckless disregard of the rights of others by manipulating the numbers to settle total loss claims. LMGIC has devised valuation methods that are unfair, misleading, deliberately inconsistent, and calculated to confuse and deceive consumers and their advocates in the settlement process.

**ANSWER:** Defendants deny the allegations of Paragraph 47.

48. LMGIC's practices have cost consumers tens of millions of dollars in losses as their claims go underpaid. Meanwhile, LMGIC reaps millions in wrongful profits by betraying the trust of its consumers.

**ANSWER:** Defendants deny the allegations of Paragraph 48.

## VI.   CLASS ACTION ALLEGATIONS

49. This action is brought and may properly be maintained as a class action, as it satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of Federal Rule of Civil Procedure 23. Plaintiffs bring all claims herein

WILSON
SMITH
COCHRAN
DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

individually and as a class action (for the class defined below), pursuant to Federal Rule of Civil Procedure 23.

**ANSWER:** Defendants admit that Plaintiffs purport to bring this as a class action under FRCP 23, but deny that Plaintiffs satisfy the prerequisites of that rule. Defendants deny any remaining allegations in Paragraph 49.

50. The class consists of the following:

> All individuals insured by the Defendants under a private passenger vehicle policy who, from the earliest allowable time to the present, received a first-party total loss settlement or settlement offer based in whole or in part on the price of comparable vehicles reduced by a "condition adjustment."

**ANSWER:** Defendants admit that Plaintiffs purport to identify a class as set forth in Paragraph 50, albeit for Defendants' insureds in the State of Washington. Defendants deny that this case can be certified as a class action. Defendants deny any remaining allegations in Paragraph 50.

51. While the exact number of members cannot be determined, the class consists at a minimum of thousands of persons located throughout the State of Washington. The members of the class are therefore so numerous that joinder of all members is impracticable. The exact number of class members can readily be determined by documents produced by the Defendants.

**ANSWER:** Defendants deny the allegations of Paragraph 51.

52. There are questions of fact and law common to the class, including the following:

> i. Whether the Defendants applied arbitrary and unexplained condition adjustments to comparable vehicles to calculate the value of loss vehicles;

> ii. Whether, through the foregoing practice, the Defendants breached their contracts with their insureds;

> iii. Whether, through the foregoing practice, the Defendants committed a breach of the common law duty of good faith and fair dealing;

WILSON
SMITH
COCHRAN
DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

iv.   Whether, through the foregoing practice, the Defendants violated the Insurance Fair Conduct Act, Wash. Rev. Code § 48.30.010 *et seq.*;

v.    Whether, through the foregoing practice, the Defendants violated regulations governing unfair claims settlement practices including Wash. Admin. Code § 284-30-330 *et seq.*;

vi.   Whether, through the foregoing practice, the Defendants violated the Consumer Protection Act, Wash. Rev. Code § 19.86.020;

vii.  Whether the Defendants' use of improper condition adjustments to value loss vehicles caused injury to Plaintiffs and the class;

viii. Whether Defendants' actions were unreasonable, frivolous, or unfounded;

ix.   Whether Defendants' actions were reckless, malicious, or willful;

x.    Whether Plaintiffs and the class are entitled to an award of compensatory damages;

xi.   Whether Plaintiffs and the class are entitled to an award of treble damages;

xii.  Whether Plaintiffs and the class are entitled to an award of attorney's fees;

xiii. Whether Plaintiffs and the class are entitled to declaratory and injunctive relief.

**ANSWER:**   Defendants deny the allegations of Paragraph 52.

53.   Plaintiffs have the same interests in this matter as all other members of the class, and their claims are typical of those of all members of the class. Plaintiffs' claims are coincident with and not antagonistic to those of other class members they seek to represent. Plaintiffs and all class members have sustained damages arising out of the Defendants' common course of conduct as outlined herein. The damages of each class member were caused by the Defendants' wrongful conduct.

**ANSWER:**   Defendants deny the allegations of Paragraph 53.

54.   Plaintiffs are committed to pursuing this action and have retained competent class counsel experienced in insurance litigation and class action litigation. Plaintiffs will fairly and adequately represent the interests of the class members.

**ANSWER:**   Defendants deny the allegations of Paragraph 54.

WILSON
SMITH
COCHRAN
DICKERSON

901 Fifth Avenue, Suite 1700
Seattle, Washington 98164
Telephone: (206) 623-4100
Fax: (206) 623-9273

55.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(2) because the Defendants' actions are generally applicable to the class as a whole, and Plaintiffs seeks, *inter alia*, equitable remedies with respect to the class as a whole.

**ANSWER:**     Defendants deny the allegations of Paragraph 55.

56.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because the common questions of law and fact enumerated above predominate over questions affecting only individual members of the class, and a class action is the superior method for fair and efficient adjudication of the controversy. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation. Plaintiffs' counsel, highly experienced in insurance litigation and class action litigation, foresees little difficulty in the management of this case as a class action.

**ANSWER:**     Defendants deny the allegations of Paragraph 56.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

57.     Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

**ANSWER:**     Defendants restate their answers of Paragraphs 1-57 above.

58.     The First National and LMGIC insurance contracts specifically provide for payment of the "actual cash value" of a vehicle deemed a total loss.

**ANSWER:**     Defendants admit that the insurance policies issued to Plaintiffs provide for payment of the "actual cash value" of the covered vehicle, subject to the terms and conditions of the policies.  Defendants deny any remaining allegations in Paragraph 58.

59.     The Defendants have breached their contracts by not offering to settle and by not settling claims based upon the actual cash value of loss vehicles. The Defendants departed from the use of actual cash values by basing their valuation and payment of the claim on values of comparable vehicles that have been artificially reduced by an arbitrary and unjustified "condition adjustment" that is not itemized or explained.

**ANSWER:**     Defendants deny the allegations of Paragraph 59.

60.     The Defendants' numerous breaches have resulted in a systematic failure to pay the actual cash value of total loss vehicles as required by contract.

WILSON SMITH COCHRAN DICKERSON
901 Fifth Avenue, Suite 1700
Seattle, Washington 98164
Telephone: (206) 623-4100
Fax: (206) 623-9273

1    **ANSWER:**    Defendants deny the allegations of Paragraph 60.

2    61.    The Defendants' breaches and violations have caused damage to Plaintiffs and

3    the class.

4    **ANSWER:**    Defendants deny the allegations of Paragraph 61.  Further answering,

5    Defendants state that Plaintiff Lundquist breached his policy with First national by not

6    accepting the binding appraisal award by the parties' appraisers and therefore any damage

7    allegedly suffered by Lundquist is self-inflicted.

8                              **SECOND CAUSE OF ACTION**
9              **(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

10    62.    Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set
      forth herein.
11
12    **ANSWER:**    Defendants restate their answers of Paragraphs 1-61 above.

13    63.    The Defendants owed Plaintiffs and class members, as their insureds, a duty of
      good faith and fair dealing at all times during the existence of the insurance contract and
14    while providing automobile insurance coverage, including when handling total loss claims for
      their insureds.
15
16    **ANSWER:**    The allegations of Paragraph 63 are not averments of fact but legal
17    conclusions which require no answer.

18    64.    Defendants purposefully, in bad faith, and without regard to the rights of the
      Plaintiffs and the class, failed to pay the actual cash value of total loss vehicles. Defendants'
19    actions breached the insurance contract and were unreasonable, frivolous, and unfounded.

20    **ANSWER:**    Defendants deny the allegations of Paragraph 64.

21    65.    Defendants' unfair acts and/or acts of bad faith include basing their valuation
22    and payment of claims on values of comparable vehicles that have been artificially reduced by
      an arbitrary and unjustified "condition adjustment" that is not itemized or explained.
23
24    **ANSWER:**    Defendants deny the allegations of Paragraph 65.

25    66.    Defendants breached the covenant of good faith and fair dealing with the
      aforementioned conduct.
26
      **ANSWER:**    Defendants deny the allegations of Paragraph 66.

WILSON
SMITH
COCHRAN
DICKERSON

901 Fifth Avenue, Suite 1700
Seattle, Washington  98164
Telephone: (206) 623-4100
Fax: (206) 623-9273

67.     Defendants' breach of the obligation of good faith and fair dealing caused Plaintiffs and class members to incur damages as more fully set forth below.

**ANSWER:**     Defendants deny the allegations of Paragraph 67.

### THIRD CAUSE OF ACTION
### (Consumer Protection Act—Violation of WASH. REV. CODE § 19.86.020)

68.     Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

**ANSWER:**     Defendants restate their answers of Paragraph 1-67 above.

69.     Defendants' actions complained of herein are deceptive trade practices that have the capacity to and do deceive consumers, as Defendants unreasonably denied payment of benefits to Plaintiffs and the class and knowingly misrepresented the basis for their total loss valuations. Defendants failed to adopt and implement reasonable standards for the investigation of claims. Defendants failed to conduct a reasonable investigation regarding their claims payments. Defendants further made false representations as to the characteristics and benefits of their total loss coverage and insurance policies and represented that they were of a particular standard, quality, or grade knowing they were not.

**ANSWER:**     Defendants deny the allegations of Paragraph 69.

70.     Defendants' aforementioned conduct continues to occur in the course of their business. Defendants' conduct is part of a generalized course of conduct repeated on thousands of occasions, and thus has an impact on the public interest.

**ANSWER:**     Defendants deny the allegations of Paragraph 70.

71.     Defendants' aforementioned conduct is in violation of the Washington Consumer Protection Act, in particular, but not limited to, Wash. Rev. Code § 19.86.020.

**ANSWER:**     Defendants deny the allegations of Paragraph 71.

72.     As a result of Defendants' actions, Plaintiffs and class members incurred damages as more fully set forth below.

**ANSWER:**     Defendants deny the allegations of Paragraph 72.

### FOURTH CAUSE OF ACTION
### (Declaratory and Injunctive Relief)

73.     Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.



WILSON SMITH COCHRAN DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

1    **ANSWER:**    Defendants restate their answers of Paragraphs 1-72 above.

2    74.    Plaintiffs bring this cause of action for themselves and the class pursuant to
Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 seeking a declaration that, for those
who maintain an auto insurance policy with the Defendants, it is a violation of Washington
law and the insurance contract for Defendants to base their valuation and payment of claims
on values of comparable vehicles that have been artificially reduced by an arbitrary and
unjustified "condition adjustment" that is not itemized or explained.

6    **ANSWER:**    Defendants admit the Plaintiffs purport to bring this case as a class

action but deny any remaining allegations of Paragraph 74.

8    75.    This court has the power to declare the rights of said First National and
LMGIC policyholders and those who would be insured under such policies and who may
suffer similar losses in the future, as well as those who have suffered valuation-related losses.

11    **ANSWER:**    The allegations of Paragraph 75 are legal conclusions, not averments of

facts, and therefore no answer is required by Defendants.

13    76.    Plaintiffs, for themselves and on behalf of the Class, seek a declaration of
rights under the First National policy and the LMGIC policy, and seek a declaration of the
rights and liabilities of the parties herein.

15    **ANSWER:**    Defendants admit that Plaintiffs purport to bring a class action seeking

a declaration of certain rights under Defendant's policies and the rights and liabilities of the

parties. Defendants deny that Plaintiffs are entitled to such relief or that Plaintiffs established

the requirements of Rule 23. Defendants deny any remaining allegations of Paragraph 76.

20    77.    With respect to Defendants' continuing unlawful practices, Plaintiffs have no
plain, speedy, or adequate remedy at law, the interests of the parties favor an injunction, and
an injunction is in the public interest. Plaintiffs therefore seeks an order permanently
enjoining the Defendants from basing their valuations and payments of claims on values of
comparable vehicles that have been artificially reduced by an arbitrary and unjustified
"condition adjustment" that is not itemized or explained.

24    **ANSWER:**    Defendants admit that Plaintiffs purport to seek injunctive relief.

Defendants deny any remaining allegations of Paragraph 77.

WILSON
SMITH
COCHRAN
DICKERSON

901 Fifth Avenue, Suite 1700
Seattle, Washington 98164
Telephone: (206) 623-4100
Fax: (206) 623-9273

**AFFIRMATIVE DEFENSES**

Pursuant to Federal Rule of Civil Procedure 8(c), and based on personal knowledge as to their own actions and on information and belief as to the actions of others, Defendants set forth their affirmative defenses to both the individual and class claims alleged in the Complaint. By asserting the following affirmative defenses, Defendants do not concede nor admit that they bear or have assumed any burden of proof where such burden otherwise rests with the Plaintiffs.

**FIRST AFFIRMATIVE DEFENSE**

Some or all of Plaintiffs' claims, and/or the claims of some or all putative class members, are barred, in whole or in part, by accord and satisfaction.

**SECOND AFFIRMATIVE DEFENSE**

Some or all of Plaintiffs' claims, and/or the claims of some or all putative class members, are barred, in whole or in part, by express and/or implied release of those claims.

**THIRD AFFIRMATIVE DEFENSE**

Some or all of Plaintiffs' claims, and/or the claims of some or all putative class members, are barred, in whole or in part, by compromise and/or settlement.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and/or the claims of some or all putative class members, are barred, in whole or in part, by the appraisal provision(s) in the policy and under applicable Washington law.

WILSON
SMITH
COCHRAN
DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

## FIFTH AFFIRMATIVE DEFENSE

Defendants' liability, if any, is limited by, and/or subject to the terms, exclusions, conditions, definitions, endorsements, limits of liability, and other terms in the applicable insurance policy or policies.

## SIXTH AFFIRMATIVE DEFENSE

Defendants' liability, if any, may be barred to the extent that Plaintiffs and/or any putative class members have not performed and/or complied with all of the obligations, conditions, and duties precedent and subsequent in the applicable policy(ies).

## SEVENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims, and/or the claims of some or all putative class members, are barred or limited based upon a failure to mitigate any damages.

## EIGHTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims, and/or the claims of some or all putative class members, are barred by the equitable doctrine of laches. Plaintiffs and/or some or all of the putative class members have negligently and unreasonably delayed in commencing a lawsuit against Defendants. None of the putative class members have taken any action to assert a cause of action to date. Defendants have been prejudiced by these delays.

## NINTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims, and/or the claims of some or all putative class members, are time-barred, in whole or in part, to the extent that any relevant statute of limitations or other applicable doctrine so provides.



WILSON
SMITH
COCHRAN
DICKERSON

901 Fifth Avenue, Suite 1700
Seattle, Washington 98164
Telephone: (206) 623-4100
Fax: (206) 623-9273

## TENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims, and/or the claims of some or all putative class members, are barred in whole or in part to the extent doctrines such as ratification, estoppel, waiver, and/or unclean hands are determined to apply.

## ELEVENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims, and/or the claims of some or all putative class members, are barred in whole or in part by the doctrine of unjust enrichment.

## TWELFTH AFFIRMATIVE DEFENSE

Any claim by Plaintiffs or the putative class members are subject to the limitation set forth in RCW 19.86 et seq., including RCW 19.86.090.

## THIRTEENTH AFFIRMATIVE DEFENSE

Any award of treble damages that is not supported by clear and convincing evidence would violate Defendants' due process rights guaranteed by the Fourteenth Amendment of the United States Constitution and by Article I, Section 3 of the Washington State Constitution and would, therefore, be improper under the common law and public policies of the Western District of Washington and the State of Washington. Treble damages may be awarded only consistent with the due process limitations of the United States and Washington Constitutions.

## FOURTEENTH AFFIRMATIVE DEFENSE

This action may be barred, in whole or in part, by the doctrines of claim and/or issue preclusion, under which Plaintiffs and the putative class members may not relitigate issues or claims that have been decided against them in other litigation or individual resolutions of the claims.

WILSON
SMITH
COCHRAN
DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

Defendants may have additional defenses that cannot now be articulated due to the generality of Plaintiffs' pleadings, the fact that no class has been certified, and discovery has not yet begun. Accordingly, Defendants expressly reserve the right to supplement or amend the foregoing and to plead any and all additional defenses available under the law.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for judgment in its favor on Defendants' Answers to Plaintiffs' First Amended Complaint as follows:

1. That the Court deny any request to certify this as a class action;

2. That Plaintiffs and the putative class members take nothing against Defendants by their Complaint;

3. That the Court enter judgment in favor of Defendants and against Plaintiffs and the putative class members on any and all claims for relief alleged against Defendants in the Complaint; and

4. For such other and further relief as the Court deems just and proper.

DATED this 12th day of December 2018.

s/ John M. Silk
John M. Silk, WSBA #15035
WILSON SMITH COCHRAN DICKERSON
901 Fifth Ave., Suite 1700
Seattle, WA 98164
(206) 623-4100
Facsimile: (206) 623-9273
silk@wscd.com



WILSON
SMITH
COCHRAN
DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

James A. Morsch
Julie Rodriguez Aldort
*Admitted Pro Hac Vice*
BUTLER RUBIN SALTARELLI & BOYD LLP
321 N. Clark Street, Suite 400
Chicago, IL 60654
(312) 444-9660
Facsimile:  (312) 444-9287
jmorsch@butlerrubin.com
jaldort@butlerrubin.com

Attorneys for Defendants



WILSON
SMITH
COCHRAN
DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON  98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on the date set forth below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system. All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

DATED this 12th day of December 2018.

_s/ Traci Jay_____
Traci Jay



WILSON SMITH COCHRAN DICKERSON

901 Fifth Avenue, Suite 1700
Seattle, Washington 98164
Telephone: (206) 623-4100
Fax: (206) 623-9273