UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CAMERON LUNDQUIST, an individual, and LEEANA LARA, and individual, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

FIRST NATIONAL INSURANCE COMPANY OF AMERICA, a New Hampshire Corporation, LM GENERAL INSURANCE COMPANY,

Defendants.

CASE NO. 18-5301 RJB

ORDER ON PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT AND ADD ADDITIONAL PARTY

This matter comes before the Court on the Plaintiffs' Motion for Leave to Amend Complaint and Add Additional Party. Dkt. 83. The Court has considered the pleadings filed regarding the motion and the remaining record.

## **FACTS**

In this putative class action, the Plaintiffs assert that Defendants' practice of using unexplained and unjustified condition adjustments to comparable vehicles when valuing a total loss claim for a vehicle, violates the Washington Administrative Code ("WAC"), specifically WAC 284-30-391 (4)(b) and (5)(d), and so constitutes: (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, and (3) violation of Washington's Consumer

ORDER ON PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT AND ADD ADDITIONAL PARTY - 1

Protection Act, RCW 19.86., *et seq.* ("CPA"). Dkt. 1. First National Insurance Company of America's ("First National") motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12 (b)(6) was denied on July 9, 2018. Dkt. 33.

After some discovery, Plaintiff Lundquist timely moved for, and was granted, leave to amend the complaint to add Plaintiff Leena Lara and Defendant LM General Insurance Company, ("LM General"). Dkt. 52. Further discovery occurred. On December 5, 2018, the parties, including the newly added parties, stipulated to an extension of the case schedule, which was granted. Dkt. 57.

On March 2, 2019, the Plaintiffs' motion for leave to add an additional party, CCC Information Services ("CCC"), and motion for a six-month extension of all case deadlines was granted. Dkt. 82. The Plaintiffs were given until April 12, 2019 to file a proposed amended complaint. *Id.*

On April 4, 2019, the Plaintiffs filed the instant motion to amend the complaint to: (1) add CCC as a Defendant, (2) make a claim for violation of the CPA against CCC, and (3) add a Washington state civil conspiracy claim against CCC and the remaining Defendants. Dkt. 83. The Plaintiffs attached a red-lined version of the proposed amended complaint to their motion. Dkt. 83-1.

The Defendants do not oppose the addition of CCC as a Defendant or the assertion of the CPA claim against CCC. Dkt. 85. They raise concerns over potential extension of the case schedule. *Id.* They further oppose the addition of the civil conspiracy claim against them, asserting that they are prejudiced by its late addition and that it is futile. *Id.* The Plaintiffs replied (Dkt. 87) and the motion is ripe for decision.

## DISCUSSION

Under Fed. R. Civ. P. 15 (a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." A motion to amend under Rule 15 (a)(2), "generally shall be denied only upon showing of bad faith, undue delay, futility, or undue prejudice to the opposing party." *Chudacoff v. University Medical Center of Southern Nevada,* 649 F.3d 1143 (9th Cir. 2011).

The Plaintiffs' Motion for Leave to Amend Complaint and Add Additional Party (Dkt. 83) should be granted. There is no showing here of bad faith, undue delay, futility, or undue prejudice as to the addition of CCC as a defendant or the addition of the CPA claim against CCC. Although the Defendants express concern about a delay in the case schedule, there is no motion for an extension of the case schedule pending, so that issue is not before the Court.

As to the addition of the conspiracy claim against all Defendants, the Defendants argue that they would be unduly prejudiced by addition of the claim and that amendment is futile. These arguments are unavailing. The prejudice to the Defendants is not significant. The discovery cut off is over seven months away – it is not until November 20, 2019. Further, it is not clear that the addition of the civil conspiracy claim is futile. To establish a claim for civil conspiracy under Washington law, a plaintiff "must prove by clear, cogent, and convincing evidence that (1) two or more people combined to accomplish an unlawful purpose, or combined to accomplish a lawful purpose by unlawful means; and (2) the conspirators entered into an agreement to accomplish the conspiracy." *All Star Gas, Inc., of Washington v. Bechard*, 100 Wn. App. 732, 740 (2000)(*citing Corbit v. J.I. Case Co.,* 70 Wash.2d 522, 528 (1967)). "A finding that a conspiracy exists may be based on circumstantial evidence, although the circumstances must be inconsistent with a lawful or honest purpose and reasonably consistent only with [the] existence of the conspiracy." *Herrington v. David D. Hawthorne, CPA, P.S.*, 111

ORDER ON PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT AND ADD ADDITIONAL PARTY - 3

Wn. App. 824, 840, 47 P.3d 567, 575 (2002)(*internal quotation marks and citations omitted*). "Mere suspicion is not a sufficient ground upon which to base a finding of conspiracy." *Corbit,* at 529. While the claim appears difficult to establish given this standard, the undersigned cannot say that it is futile to allow addition of the civil conspiracy claim at this time. The Plaintiffs' proposed amended complaint asserts that the Defendants entered into "agreements to accomplish unlawful purposes, to wit, the breach of the insurance contracts (including the provisions of Washington law that dictate the method by which total loss claims are valued) and Washington's prohibitions of unfair and deceptive claims handling practices." Dkt. 83-1, at 19. While the Plaintiffs could have pled the claim with more clarity, it is sufficient, and amendment is not futile.

The Plaintiffs should file a clean version of their amended complaint on or before **May 6, 2019**.

**ORDER**

Therefore, it is hereby **ORDERED** that:

- The Plaintiffs' Motion for Leave to Amend Complaint and Add Additional Party (Dkt. 83) **IS GRANTED;** and
- The Plaintiffs **SHALL FILE** a clean version of their amended complaint on or before **May 6, 2019**.

The Clerk is directed to send uncertified copies to all counsel of record and to any party appearing pro se at their last known address.

Dated this 24th day of April, 2019.

_____
ROBERT J. BRYAN
United States District Judge