UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CAMERON LUNDQUIST, an individual, and LEENAN LARA, an individual, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>FIRST NATIONAL INSURANCE COMPANY OF AMERICA, et al.,<br><br>Defendants. | CASE NO. 18-5301 RJB<br><br>ORDER ON INSURER DEFENDANTS' MOTION FOR PROTECTIVE ORDER |

THIS MATTER comes before the Court on Defendants First National Insurance Company of America ("First National") and LM General Insurance Company's ("LM General") (collectively "Insurer Defendants") Motion for Protective Order as to Second Rule 30(b)(6) deposition. Dkt. 123. The Court has considered the pleadings filed regarding the motion and the remaining file.

### I.     FACTS AND PROCEDURAL HISTORY

In this putative class action, the Plaintiffs assert that Defendants' practice of using unexplained and unjustified condition adjustments to comparable vehicles when valuing a total loss claim for a vehicle, violates the Washington Administrative Code ("WAC"), specifically

ORDER ON INSURER DEFENDANTS' MOTION FOR PROTECTIVE ORDER - 1

1  WAC 284-30-391 (4)(b) and (5)(d), and so constitutes: (1) breach of contract, (2) breach of the

2  implied covenant of good faith and fair dealing, (3) violation of Washington's Consumer

3  Protection Act, RCW 19.86., *et seq.* ("CPA") and (4) civil conspiracy. Dkt. 90. The Plaintiffs

4  seek damages, declaratory and injunctive relief, attorneys' fees and costs. *Id.*

5  The parties have exchanged written discovery and produced thousands of pages of

6  documents. Dkt. 123-1, at 2-3. On May 16, 2019, in response to the Plaintiff's Fed. R. Civ. P.

7  30(b)(6) notice, the Insurer Defendants produced Jeff Gabriel, Director of their Central Data

8  Office, to sit for the deposition. *Id.*, at 3. It lasted for over four hours. *Id.*

9  On August 9, 2019, the Plaintiffs served a second Rule 30(b)(6) deposition notice on the

10  Insurer Defendants. Dkt. 123-2. This Notice of Deposition identifies 18 topics for discussion.

11  *Id.* The Insurer Defendants responded with objections. Dkt. 123-4. The parties met and

12  conferred and were unable to resolve this discovery dispute. Dkt. 123-1, at 4.

13  The Insurer Defendants now move for an order protecting its Fed. R. Civ. P. 30 (b)(6)

14  deponent from having to testify a second time and/or from having to testify about certain matters

15  identified in the Plaintiffs' Rule 30 (b)(6) deposition notice. Dkt. 123. They also move for an

16  award of attorneys' fees. *Id.* The Plaintiffs oppose the motion. Dkt. 124.

17  The deadline for Plaintiffs' motion for class certification is October 4, 2019, the fact

18  discovery deadline is November 20, 2019, the dispositive motions deadline is December 20,

19  2020, and the trial is set to begin on April 6, 2020. Dkt. 118.

## II. DISCUSSION

### A. STANDARD ON DISCOVERY GENERALLY

Fed. R. Civ. P. 26(b)(1) provides:

> Unless otherwise limited by court order, the scope of discovery is as follows:
> Parties may obtain discovery regarding any nonprivileged matter that is relevant

to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"The court should and ordinarily does interpret 'relevant' very broadly to mean matter that is relevant to anything that is or may become an issue in the litigation." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, n.12 (1978)(*quoting* 4 J. Moore, Federal Practice ¶ 26.56 [1], p. 26-131 n. 34 (2d ed. 1976)).

**B. RULE 30 AND STANDARD ON MOTION FOR PROTECTIVE ORDER**

Fed. R. Civ. P. 30(b)(6) "Notice or Subpoena Directed to an Organization," provides in relevant part that: "[i]n its notice or subpoena, a party may name as the deponent a public or private corporation . . . and must describe with reasonable particularity the matters for examination." Rule 30(d)(1) provides,

> Unless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours. The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent . . . or any other circumstance impedes or delays the examination.

Under Fed. R. Civ. P. 26(b)(2)(C),

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26 (b)(1).

Further, pursuant to Rule 26(c)(1), for good cause, the court may "issue an order to protect a party or person from . . . oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery . . . [or] limiting the scope of disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(A) and (D).

### C. MOTION FOR PROTECTIVE ORDER – TIME, TOPICS IN DISPUTE IN THE 30(b)(6) NOTICE OF DEPOSITION, AND MOTION FOR ATTORNEYS' FEES

The Insurer Defendants move for a protective order either preventing their Rule 30(b)(6) deponent from being deposed again or limiting the deposition's length and scope.

1. Motion to Strike Notice of Deposition

To the extent the Insurer Defendants move for an order striking Plaintiff's second Rule 30(b)(6) deposition, the motion should be denied. While Rule 30(d)(1) generally limits a deposition to one day of 7 hours, the rule allows for additional time if it is "needed to fairly examine the deponent." The Plaintiffs have shown that additional time is needed to examine the Insurer Defendants' Rule 30(b)(6) deponent.

2. Time – Length of Second 30(b)(6) Deposition

The first deposition of the Insurer Defendants' Rule 30(b)(6) deponent was over four hours. As stated above, additional time is needed to examine the Rule 30(b)(6) deponent. Accordingly, the Plaintiffs should be permitted the seven-hour time limit on this deponent. To the extent the Insurer Defendants move to limit the length of the deposition to less than three hours, the motion should be denied.

3. Topics No. 1-6 and 9: Regarding Defendant CCC

The Notice of Deposition identified the following as Topics No. 1-6 and 9:

> 1. The decision (and the reasoning in support thereof) by **FIRST NATIONAL** and/or **LM GENERAL** to use a database or a third party administrator for the purpose of valuing motor vehicle total loss claims, such as

ORDER ON INSURER DEFENDANTS' MOTION FOR PROTECTIVE ORDER - 4

the total loss claims identified in the **COMPLAINT** in this lawsuit, including the selection of Defendant **CCC** for valuing total loss claims and all diligence, research, and negotiations surrounding the selection of **CCC** and the basis for continuing to use **CCC.** This topic also includes who made the decision (or what group made the decision) to use **CCC**, and when the decision was made.

    2.    The implementation by **FIRST NATIONAL** and/or **LM GENERAL** of the valuation system referenced above in adjusting claims and any review of the efficacy of the valuation system.

    3.    **FIRST NATIONAL**'s and/or **LM GENERAL**'s process of valuing and paying total loss claims, including the manner in which total loss claims that are submitted by insureds are processed, the use of any outside vendor service or database to value claims, how the Actual Cash Value of the loss vehicle is determined, how all settlement offers to the insured are determined, and how the final settlement payment to the insured is determined.

    4.    The history, background, and marketing of the **CCC** database(s) used by **FIRST NATIONAL** and/or **LM GENERAL** including the manner in which the database was created, compiled and marketed to **FIRST NATIONAL** and/or **LM GENERAL.**

    5.    Any process by which **FIRST NATIONAL** and/or **LM GENERAL** verify the accuracy of **CCC**'s total loss valuation reports.

    6.    The practice of applying condition adjustments to the values of comparable vehicles in **CCC** valuation reports used by **FIRST NATIONAL** and/or **LM GENERAL** to value motor vehicle total loss claims.

    9.    The analysis of business performance of **FIRST NATIONAL** and/or **LM GENERAL** with respect to total loss claims handling, including profitability, costs and cost savings, risk assessment, regulatory compliance, loss prevention, and customer satisfaction as those areas relate to the use of valuation reports from **CCC**.

Dkt. 123-2 (*emphasis in original*).

The Insurer Defendants moves for an order protecting its Rule 30 (b)(6) deponent from having to respond to these topics, asserting that the topics are duplicative of written discovery already provided. The Insurer Defendants agree to provide limited testimony as to Topic 3.

The Insurer Defendants' motion to limit the scope of the deposition on Topics 1-6 and 9 should be denied. The discovery sought is relevant to the case. While written discovery is

important, it does not take the place of depositions. The Defendant has not shown good cause for the order. Rule 26 (c)(1).

4. <u>Topic No. 7: Prior 30(b)(6) Topics</u>

Topic No. 7 of discussion is listed in the Notice of Deposition as: "The meaning and purpose of data reflected in all spreadsheets produced by **FIRST NATIONAL** and/or **LM GENERAL** in response to Plaintiffs' Interrogatory No. 7 in this litigation, including documents bates numbered FNIC0000608, FNIC0001389, FNIC0001390, LMG00002935, and LMG0000293." Dkt. 123-2 (*emphasis in original*).

The Insurer Defendants argue that this topic was the subject of the prior Rule 30(b)(6) deposition. The Plaintiffs argue that the prior designee provided testimony on the "storage, maintenance and retrieval of data," not on the "meaning and purpose" of the data.

The Insurer Defendants' motion for a protective order should be granted and the Rule 30(b)(6) deponent protected from having to testify about Topic 7. The Plaintiffs have already had an opportunity to ask questions about this spreadsheet, and further inquiry would be unduly duplicative.

5. <u>Topics No. 8 and 10: Insurer Defendants' Legal Positions</u>

The Notice of Deposition identified the following as Topics No. 8 and 10:

> 8. The basis for **FIRST NATIONAL** and/or **LM GENERAL**'s denials in their Answer to the Second Amended Complaint that their insurance policies and Washington law prohibit applying condition adjustments to the values of comparable vehicles in **CCC** valuation reports used by **FIRST NATIONAL** and/or **LM GENERAL** to value motor vehicle total loss claims.
>
> 10. The legal duties of **FIRST NATIONAL** and/or **LM GENERAL** under its insurance policies and Washington law as they relate to handling motor vehicle total loss claims, including without limitation the duties relating to the determination of the claim payment, the process behind that determination, and the process of negotiating and paying claims.

Dkt. 123-2 (*emphasis in original*).

The Insurer Defendants object to providing testimony on these two topics, arguing that they seek testimony on the Insurer Defendants' interpretation of Washington law and their legal duties. They maintain the information is protected by attorney client privilege. The Plaintiffs argue that their request should not be taken to infringe on any privilege.

The Insurer Defendants' motion for an order protecting its Rule 30(b)(6) deponent from testifying on Topics 8 and 10 should be granted. These topics seek a legal opinion and not facts related to the case. *See TV Interactive Data Corp. v. Sony Corp.,* 2012 WL 1413368 (N.D. Cal. 2012). The Insurer Defendants have shown good cause for issuance of the order. Rule 26 (c)(1).

6. <u>Topics 11-17: Production Information</u>

The Notice of Deposition identified the following as Topics No. 11-17:

11. The existence of the **ESI**, **DOCUMENTS**, and **COMMUNICATIONS** requested in Plaintiffs' Requests for Production of Documents served in this case.

12. The systems, process, and purpose for the creation, duplication and storage of the **ESI**, **DOCUMENTS** and **COMMUNICATIONS** requested in Plaintiffs' Requests for Production of Documents served in this case.

13. Any and all **ESI**, **DOCUMENT**, or **COMMUNICATION** retention and destruction policies that would relate to any of the **ESI**, **DOCUMENTS**, and **COMMUNICATIONS** requested in Plaintiffs' Requests for Production of Documents served in this case.

14. The location of the **ESI**, **DOCUMENTS**, and **COMMUNICATIONS** requested in Plaintiffs' Requests for Production of Documents served in this case.

15. The organization, indexing, and filing of the **ESI**, **DOCUMENTS**, and **COMMUNICATIONS** requested in Plaintiffs' Requests for Production of Documents served in this case.

16. Other than efforts by counsel for Defendants, the method of search for the **ESI**, **DOCUMENTS**, and **COMMUNICATIONS** requested in Plaintiffs' Requests for Production of Documents served in this case.

17. The completeness of the **ESI**, **DOCUMENTS**, and **COMMUNICATIONS** requested in Plaintiffs' Requests for Production of Documents served in this case.

Dkt. 123-2 (*emphasis in original*).

The Insurer Defendants move for a protective order as to these topics, arguing that they are not relevant to any parties' claim or defense, are subject to the ESI Protocol order entered in this case, and have been the subject of near weekly meet-and-confer sessions. They maintain that further testimony is duplicative and that the Plaintiffs seek information protected by the attorney-client privilege and work product doctrine. The Plaintiffs assert that the information is relevant because it seeks to discover whether the Defendants have made a reasonable and through search for responsive documents.

The Insurer Defendants' motion for an order protecting its Rule 30(b)(6) deponent from testifying on Topics 11-17 should be granted. The Plaintiffs do not respond to the Insurer Defendants point that these topics may well require testimony from counsel. These topics, in part, seek information protected by attorney-client privilege and/or the work product doctrine. The topics, as written, seek information that is duplicative of information the Plaintiffs already have in their possession. The Insurer Defendants have shown good cause for issuance of the order to protect the deponent from testifying on Topics 11-17. Rule 26 (c)(1). This order should not be construed as a way to keep the parties from continuing to communicate about discovery. The discovery deadline is still months away. The parties are strongly encouraged to work together.

7. Topic 18: Organization of Insurer Defendants' Claims Department

The Notice of Deposition identified the following as Topic No. 18:

18. The organization of duties and responsibilities regarding claims adjudication at **FIRST NATIONAL** and **L/M GENERAL**, specifically the organizational chart showing the structure of your organization and the relationship and relative rank of its parts and positions/jobs as it related to the claims adjudication.

Dkt. 123-2 (*emphasis in original*).

The Insurer Defendants move for a protective order as to this topic, arguing that it is overbroad because it seeks information on the entire claims department. They maintain that the claims at issue here involve only the total loss claims department. The Insurer Defendants agree to provide information regarding the total loss claims department. The Plaintiffs argue that the Defendants waived their defense to this topic because they didn't object to it in their response to the Notice of Deposition. The Plaintiffs also assert that this topic is relevant because it is important in determining how the claims process works. Information on all positions is important, they maintain, because the Insurer Defendants may not consider upper management as a part of the total claims loss department even though it may play a role.

The Defendant's motion for a protective order regarding this topic should be denied. The Defendant has not shown good cause for issuance of the order. Rule 26 (c)(1). The Plaintiffs have shown that the information they seek is sufficiently relevant in understanding how the Defendants' claims process works.

8. <u>Motion for Attorneys' Fees for Having to Bring the Motion for Protective Order</u>

Fed. R. Civ. P. 26 (c)(3) provides, that "Rule 37 (a)(5) applies to the award of expenses." Under Rule 37 (a)(5)(C), "if the motion is granted in part and denied in part, the court may issue any protective order . . . and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion."

This order grants, in part, and denies, in part, the Defendant's motion for a protective order. While the Court is disappointed that the parties did not resolve these issues together in a

ORDER ON INSURER DEFENDANTS' MOTION FOR PROTECTIVE ORDER - 9

civil manner, there are not sufficient grounds to award attorneys' fees for this motion. The Defendant's motion for attorneys' fees should be denied.

### III. ORDER

It is **ORDERED** that:

- The Insurer Defendants' Motion for Protective Order (Dkt. 123) **IS**:
  - **GRANTED** as to:
    - Topics No. 7, 8, 10-17;
    - The Insurer Defendants' designated Rule 30(b)(6) deponent is protected from having to testify on Topics 7, 8, 10-17; and
  - **DENIED** as to:
    - The motion for an order striking the Notice of Deposition entirely;
    - Limiting the scope of Topics: 1-6, 9, and 18; and
    - The motion for attorneys' fees.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 27th day of August, 2019.

ROBERT J. BRYAN
United States District Judge