THE HON. ROBERT J. BRYAN
TRIAL DATE:  November 16, 2020

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| CAMERON LUNDQUIST and LEEANA LARA, | No. 18-cv-05301 RJB |
| Plaintiffs, | **INSURER DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS RELATING TO REGULATORY ACTIONS, CUSTOMER COMPLAINTS, AND OTHER LAWSUITS** |
| vs. | |
| FIRST NATIONAL INSURANCE COMPANY OF AMERICA, LM GENERAL INSURANCE COMPANY, and CCC INFORMATION SERVICES INCORPORATED | NOTED FOR: November 15, 2019 |
| Defendants. | |

INSURER DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL
PRODUCTION OF DOCUMENTS RELATING
TO REGULATORY ACTIONS, CUSTOMER
COMPLAINTS AND OTHER LAWSUITS
362022224.1



WILSON
SMITH
COCHRAN
DICKERSON

901 Fifth Avenue, Suite 1700
Seattle, Washington  98164
Telephone: (206) 623-4100
Fax: (206) 623-9273

**INTRODUCTION**

This is a Washington lawsuit filed by Washington plaintiffs based on Washington law. The documents and information Plaintiffs seek relating to non-Washington complaints, lawsuits, and activities are therefore not relevant to any claim or defense at issue in this case. The several cases cited below demonstrate that Plaintiffs cannot use unproven allegations in complaints and lawsuits involving different facts and circumstances from different states to establish that the Insurer Defendants violated Washington law in this case. Plaintiffs do not (and cannot) cite any cases holding otherwise.

The discovery sought is also not proportional to the needs of the case. Even if the Insurer Defendants' activities outside of Washington have some marginal relevance, it is outweighed by the burden and unfair prejudice the Insurer Defendants will suffer if this discovery is allowed. Liberty Mutual finished its ESI review months ago and should not have to restart that massive effort at this late stage, on the eve of class certification briefing. This is especially true since the Insurer Defendants told Plaintiffs that they did not intend to produce non-Washington documents over a year ago. Plaintiffs' failure to raise this issue with the Court over the last year, while the Insurer Defendants diligently completed their document and ESI review and productions, is simply inexcusable.

**BACKGROUND**

There are five document requests and one interrogatory at issue in the present motion. Mot. at Appendix A [Dkt. 130-1]. The text of each discovery request is as follows:

1.  **RFP No. 4:** "Please provide all documents and ESI relating to any previous dispute or discussion about First National's application of condition adjustments to the value of comparable vehicles used to value total loss claims.

2.  **RFP No. 9:** "Produce all documents and ESI relating to investigations, complaints, citations, fines, rebukes or penalties from or by municipal, state or federal agencies, including but not limited to any state government agencies overseeing auto coverage insurance, regarding your application of condition adjustments to the value of comparable vehicles used to value total loss claim

INSURER DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL
PRODUCTION OF DOCUMENTS RELATING
TO REGULATORY ACTIONS, CUSTOMER
COMPLAINTS AND OTHER LAWSUITS
362022224.1

WILSON
SMITH
COCHRAN
DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

payments to insureds in first-party motor vehicle total loss claims and business practices related thereto."

3.  **RFP No. 15:** "Produce all documents and ESI concerning prior lawsuits, in the relevant time period, filed against you concerning your application of condition adjustments to the values of comparable vehicles used to value total loss claim payments to insured in fist-party motor vehicle total loss claims."

4.  **RFP No. 16:** "Produce all documents and ESI relating to complaints made by customers (or their attorneys) concerning your application of condition adjustments to the values of comparable vehicles used to value total loss claim payments to insureds in first-party motor vehicle total loss claims."

5.  **RFP No. 21:** "Please produce any and all documents relating to "applicable state methodologies" used for requesting, obtaining, and/or generating total loss valuation reports as that term is used in the CCC Valuescope claim services product schedule."

6.  **Interrogatory No. 22:** "Please list all states where, as a general practice, First National and/or LM General value total loss claims based upon valuation reports from CCC Information Services that do not contain condition adjustments applied to the value of comparable vehicles."

*Id.*  The Insurer Defendants objected to each of these requests on the grounds that requests seek irrelevant discovery to the extent they seek materials and information regarding the Insurer Defendants' activities *outside* of the State of Washington.  *Id.*  The Insurer Defendants agreed, however, to provide information and documents relating to Washington policyholders.  *Id.*

The Insurer Defendants first raised objections to the geographic scope of Plaintiffs' requests over one year ago, on October 5, 2018, when they served their responses to Plaintiffs' First Set of Combined Discovery.  Grabenstein Decl. ¶ 4.  Plaintiffs responded in writing a few weeks later, making the same argument they make here – that the Insurer Defendants' actions outside of Washington reflect their "knowledge and intent" in Washington.  *Id.* ¶ 5.  On November 2, 2018, the Insurer Defendants replied, stating that they intended to stand on their objections since "other jurisdictions have their own laws and

INSURER DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL
PRODUCTION OF DOCUMENTS RELATING
TO REGULATORY ACTIONS, CUSTOMER
COMPLAINTS AND OTHER LAWSUITS
362022224.1



WILSON
SMITH
COCHRAN
DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

regulations that have no relevance to the pending suit."  *Id.*  ¶ 6.  The Insurer Defendants also explained that any lawsuits are public and therefore just as available to Plaintiffs as the Insurer Defendants.  The parties subsequently met-and-conferred on this issue on November 20, 2018.  Mot. at 2.

Plaintiffs then inexplicably waited a ***year*** to raise this issue with the Court.  During the intervening year, the Insurer Defendants engaged in a costly and time-consuming document production and ESI review.  Grabenstein Decl. ¶ 9.  In early 2019, Plaintiffs insisted that the Insurer Defendants pull the electronically-stored information for over 50 custodians spread throughout the country that may have documents relevant to the allegations in this case.  *Id.* ¶¶ 10-11.  The Insurer Defendants began collecting their ESI in mid-February after the parties reached an agreement on custodians and finished the collection process in April.  *Id.*  This was a burdensome process since many of the custodians have multiple sources of ESI, some have stopped working for the Insurer Defendants, and others have massive amounts of ESI. *Id.*  For each custodian, the Insurer Defendants applied over 50 search terms and reviewing each "hit" to determine whether it is responsive to one of Plaintiffs' 42 document requests. *Id.* ¶ 12.  After applying the search terms collected from the custodians that Plaintiffs insisted on, there were approximately 160,000 hits, which amounted to millions of pages of potentially responsive ESI.  *Id.*

The Insurer Defendants spent the Spring and Summer of this year reviewing those hits and making rolling productions to the Plaintiffs.  *Id.* ¶ 15.  The Insurer Defendants' production included a wide range of documents, including:  (a) data relating to the named plaintiffs and potential class members, (b) the Insurer Defendants' internal policies and procedures for valuing total loss claims, (c) contracts between the Insurer Defendants and

INSURER DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL
PRODUCTION OF DOCUMENTS RELATING
TO REGULATORY ACTIONS, CUSTOMER
COMPLAINTS AND OTHER LAWSUITS
36202224.1

WILSON
SMITH
COCHRAN
DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

CCC, (d) documents relating to the Insurer Defendants' decision to retain CCC to provide total loss valuations, (e) documents relating to the roll out of CCC's valuation tool, (f) guidance regarding the valuation of total loss vehicles under Washington law and regulations, and (g) documents relating to customer complaints and lawsuits alleged by Washington residents. *Id.* ¶ 13.  The Insurer Defendants excluded and/or redacted from their production any documents relating to their practices in states other than Washington. *Id.*  The Insurer Defendants completed their production on September 9, 2019. *Id.* ¶ 16.  Seven weeks later, Plaintiffs raised the issue of non-Washington records  in an email on Sunday, October 27, 2019  seeking "expedited" motion practice to resolve the issue. *Id.* ¶ 17.

## ARGUMENT

Under Rule 26, discovery must be both (1) relevant and (2) proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).  In order to be relevant, discovery must relate to "any party's claim or defense" in the case.  *Id.* To meet the proportionality requirement in Rule 26, the discovery sought must be:

> proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relevant access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

*Id.*

## I.  The Materials Sought Are Not Relevant.

Non-Washington complaints and lawsuits are not relevant to this Washington dispute. Courts routinely prohibit discovery into unrelated insurance claims since they "involve circumstances unique to each policyholder, such as different facts, different policies, and different applicable law." *First Horizon Nat'l Corp. v. Houston Cas. Co.*, 2016 U.S. Dist.

INSURER DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL
PRODUCTION OF DOCUMENTS RELATING
TO REGULATORY ACTIONS, CUSTOMER
COMPLAINTS AND OTHER LAWSUITS
3620224.1

WILSON
SMITH
COCHRAN
DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

LEXIS 142330, at *23 (W.D. Tenn. Oct. 5, 2016); *see also Adams v. Allstate Ins. Co.*, 189 F.R.D. 331, 333 (E.D. Pa. 1999) ("Past claims by other insureds are not relevant to the present bad faith action before the court."); *North River Ins. Co. v. Greater New York Mut. Ins. Co.*, 872 F. Supp. 1411, 1412 (E.D. Pa. 1995) (finding information concerning prior bad faith claims, involving different facts and circumstances, "highly unlikely" to have any relevance to the insurance claim at issue); *Dobro v. Allstate Ins. Co.*, 2016 U.S. Dist. LEXIS 119198, *19-20 (S.D. Cal. Sept. 2, 2016) ("Court agrees with Defendant that the identified 10,082 claims do not constitute discovery that is properly limited to the facts, insurance policy, and claims at issue in this case."); *McCluskey v. Allstate Ins. Co.*, 2006 U.S. Dist. LEXIS 101118, at *10 (D. Mot. Feb. 10, 2006) ("[E]vidence of what Defendant did in other cases in response to insurance claims filed with it simply is not relevant to the issue of the manner in which Defendant handled and adjusted Plaintiff's claim.").

This is especially true when the unrelated insurance claims are from a different state. As one district court has explained: "the fact that there could be evidence that Defendant engaged in bad faith based upon violations of a state statute in a different state with a different insured and possibly different standards, is not relevant to the determination of whether Defendant has engaged in bad faith with respect to its handling of Plaintiff's particular insurance claim." *Mauna Kea Beach Hotel Corp. v. Affiliated FM Ins. Co.*, No. 07-00605 DAE-KSC, 2009 U.S. Dist. LEXIS 38078, at *13-14 (D. Haw. May 1, 2009). This Court has rejected requests for nationwide discovery in other contexts. *Erickson v. Biogen, Inc.*, No. C18-1029-JCC, 2019 U.S. Dist. LEXIS 102711, at *8-9 (W.D. Wash. June 19, 2019) (finding request for nationwide employment complaints was irrelevant).

INSURER DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL
PRODUCTION OF DOCUMENTS RELATING
TO REGULATORY ACTIONS, CUSTOMER
COMPLAINTS AND OTHER LAWSUITS
362022224.1

WILSON
SMITH
COCHRAN
DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

Plaintiffs ignore all the foregoing authorities and argue that the Insurer Defendants' handling of unrelated insurance claims is relevant to the Insurer Defendants' "knowledge and intent." Mot. at 3. According to the Plaintiffs' argument, if the Insurer Defendants knew "their own practices were misleading customers," then that proves that the Insurer Defendants' practices were also "misleading" to customers. *Id.* This argument is circular and assumes that customer complaints and lawsuits could actually *prove* Defendants' knowledge and intent. That is a faulty assumption since complaints and lawsuits contain only unproven allegations. *Montgomery v. Union Pac. R.R. Co.*, 2019 U.S. Dist. LEXIS 69510, at *20 (D. Ariz. April 24, 2019) (excluding prior lawsuits because they "involve mere allegations against Defendant, not facts that could be used to establish motive or intent"). Under Plaintiffs' flawed reasoning, an unproven complaint by an insured in one state under a different facts and legal standards could be used to establish knowledge and in intent in another state. That is an absurd result.

Plaintiffs also fail to cite any cases supporting their position that a collection of unrelated complaints, lawsuits, and activities in other states could be used to establish intent or knowledge in Washington. The sole case upon which Plaintiffs rely does not help them. In *In re Luther Brotherhood Variable Insurance Products Co. Sales Practice Litigation*, 2004 WL 909741, at *5 (D. Minn. Apr. 28, 2004), the District of Minnesota found an internal memo written by the defendant helped demonstrate that the defendant knew its marketing practices were misleading to class members. *Id.* Plaintiffs are not seeking any similar admissions or memos from the Insurer Defendants through the present motion. Plaintiffs are instead seeking information and documents related to the unproven accusations of insureds outside of

INSURER DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL
PRODUCTION OF DOCUMENTS RELATING
TO REGULATORY ACTIONS, CUSTOMER
COMPLAINTS AND OTHER LAWSUITS
362022224.1

WILSON
SMITH
COCHRAN
DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

Washington.  These materials would shed no light on what the Insurers intended or knew in this case.

Plaintiffs' requests for information regarding Liberty Mutual's "methodologies" and use of CCC valuation reports in other states (Request for Production No. 21 and Interrogatory No. 22) fare no better.  Neither discovery requests seek information that could actually be used to support any claim or defense in the case.  *Walech v. Target Corp.*, No. C11-254 RAJ, 2012 WL 1068068, at *6 (W.D. Wash. Mar. 28, 2012) (denying Plaintiff's motion to compel nationwide discovery); *Griffin v. Home Depot USA, Inc.*, No. 11-2366-RDR, 2013 WL 1304378, at *4 (D. Kan. Mar. 28, 2013) (denying Plaintiffs' motion to compel nationwide discovery because the requests were "irrelevant and overly broad based upon their geographic scope").

In their motion, Plaintiffs argue that other states (California and Hawaii) restrict the use and disclosure of conditions adjustments and that Plaintiffs "suspect" Liberty Mutual may be following those laws while violating Washington law.  Plaintiffs argument in this regard is even more circular than with respect to the non-Washington complaints and lawsuits discussed above.  Plaintiffs are seeking to prove that Liberty Mutual's ***compliance*** with other states' laws shows their ***non-compliance*** in Washington.

At bottom, the Court should follow the weight of authority and prohibit any discovery into Liberty Mutual's insurance practices outside of the State of Washington.

## II.   <u>The Discovery Plaintiffs Seek Is Not Proportional To The Needs Of The Case.</u>

Even if the materials Plaintiffs seek are marginally relevant, the discovery Plaintiffs seek is not proportional to the needs of the case because "the burden [and] expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).  As described

INSURER DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL
PRODUCTION OF DOCUMENTS RELATING
TO REGULATORY ACTIONS, CUSTOMER
COMPLAINTS AND OTHER LAWSUITS
362022224.1

WILSON
SMITH
COCHRAN
DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON  98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

above, the Insurer Defendants completed their document and ESI discovery months ago after

an extensive negotiation of search terms and custodians.  Plaintiffs failed to raise the Insurer

Defendants' geographic objections with the Court during this lengthy review.   Plaintiffs

instead remained silent and sprang this discovery issue on the Insurer Defendants through an

emergency email on a weekend, nearly two months after the Insurer Defendants finished their

productions in this case.

 If Plaintiffs are allowed to seek discovery outside of the State of Washington, one year

after the Insurer Defendants first objected to these requests, the Insurer Defendants will be

prejudiced.   Grabenstein Decl. ¶¶ 18-26.   That is because the Insurer Defendants have no

central repository of documents reflecting lawsuits filed or complaints made about their total

loss claims processes that could be readily searched, let alone one that tracks issues raised

about "condition adjustments" made to comparable vehicles used in total loss valuations.  *Id*.

¶ 19.

 The Insurer Defendants would therefore need to re-start their review from scratch and

revisit their treatment of previously reviewed documents.  *Id.* ¶ 20.  The Insurer Defendants

will also need to spend a significant amount of time redacting or otherwise protecting

information about individual policyholders. *Id.* ¶ 23.   All of the foregoing would cause the

Insurer Defendants to incur enormous costs and would likely lead to further delays in a case

where the schedule has already been extended three times.  *Id.*  ¶¶ 18-26.

 As for Plaintiff's request for documents relating to "applicable state methodologies"

used in total loss valuations, that information is just as available to Plaintiffs as Insurer

Defendants through a 50-state search of total loss regulations around the country.  The Insurer

Defendants are not obligated to run expensive and time consuming searches for materials

INSURER DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL
PRODUCTION OF DOCUMENTS RELATING
TO REGULATORY ACTIONS, CUSTOMER
COMPLAINTS AND OTHER LAWSUITS
362022224.1

WILSON
SMITH
COCHRAN
DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

Plaintiffs can obtain themselves.  The same is true for Plaintiffs' request for lawsuits—such information is publicly available and just as accessible to Plaintiffs as the Insurer Defendants. Accordingly, although any methodologies required in other states or lawsuits filed in other states are not admissible for any purpose at trial, Plaintiffs are free to scour state insurance regulations and dockets across the country to identify documents they have requested. Identifying this public information is not the Insurer Defendants' burden, particularly given the Insurer Defendants' document and ESI review and productions were finished months ago.

## CONCLUSION

For all of the foregoing reasons, the discovery Plaintiffs seek is not relevant or proportional to the needs of the case.  The Court should deny Plaintiffs' Motion to Compel and award the Insurer Defendants their costs and fees in opposing this motion pursuant to Rule 37.

DATED this 12th day of November, 2019.


*s/ John M. Silk*
John M. Silk, WSBA #15035
WILSON SMITH COCHRAN DICKERSON
901 Fifth Ave., Suite 1700
Seattle, WA  98164
206-623-4100 P | 206-623-9273 F
silk@wscd.com

James A. Morsch, *Admitted Pro Hac Vice*
Casey T. Grabenstein, *Admitted Pro Hac Vice*
SAUL EWING ARNSTEIN & LEHR
161 N. Clark Street, Suite 4200
Chicago, IL 60654
312-876-7100 P | 312-876-0288 F
jim.morsch@saul.com
casey.grabenstein@saul.com

Attorneys for the Insurer Defendants

INSURER DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL
PRODUCTION OF DOCUMENTS RELATING
TO REGULATORY ACTIONS, CUSTOMER
COMPLAINTS AND OTHER LAWSUITS
36202224.1



WILSON
SMITH
COCHRAN
DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON  98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

**CERTIFICATE OF ELECTRONIC SERVICE**

I hereby certify that on the date set forth below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system. All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

DATED this 12th day of November, 2019.

*/s/ Casey T. Grabenstein*
Casey T. Grabenstein

WILSON SMITH COCHRAN DICKERSON
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273