1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9
10

| | |
|---|---|
| CAMERON LUNDQUIST, an individual, and LEEANA LARA, an individual, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br>  v.<br><br>FIRST NATIONAL INSURANCE COMPANY OF AMERICA, a New Hampshire Corporation, and LM GENERAL INSURANCE COMPANY, an Illinois Corporation, and CCC INFORMATION SERVICES INCORPORATED, a Delaware Corporation,<br><br>      Defendants. | CASE NO. 18-5301 RJB<br><br>ORDER ON PLAINTIFFS' MOTION TO COMPEL |

11
12
13
14
15
16
17
18
19
20

  THIS MATTER comes before the Court on the Plaintiffs' Motion to Compel Production of Documents Relating to Regulatory Action, Customer Complaints, and other Lawsuits.  Dkt. 130.   The Court has considered the pleadings filed regarding the motion and the remaining file.

21
22
23
24

1   In the pending motion, the Plaintiffs move for an order compelling First National

2   Insurance Company of America and LM General Insurance Company ("Insurer Defendants") to

3   produce documents and information regarding regulatory action, customer complaints, lawsuits

4   and adjusting practices in other states that relate to the Plaintiffs' allegations.  Dkt. 130.  For the

5   reasons provided below, the motion (Dkt. 130) should be denied.

6                                   I.      **FACTS**

7   In this putative class action, the Plaintiffs assert that Defendants' practice of using

8   unexplained and unjustified condition adjustments to comparable vehicles when valuing a total

9   loss claim for a vehicle, violates the Washington Administrative Code ("WAC"), specifically

10   WAC 284-30-391 (4)(b) and (5)(d), and so constitutes: (1) breach of contract, (2) breach of the

11   implied covenant of good faith and fair dealing, (3) violation of Washington's Consumer

12   Protection Act, RCW 19.86., *et seq*. ("CPA") and (4) civil conspiracy.  Dkt. 90.  The Plaintiffs

13   seek damages, declaratory and injunctive relief, attorneys' fees and costs.  *Id.*

14   The class has not been certified.  The Second Amended Complaint proposes to define the

15   class as:

16          All individuals insured by First National and LMGIC under a private passenger
            vehicle policy who, from the earliest allowable time to the date of judgment,
17          received a first-party total loss settlement or settlement offer based in whole or in
            part on the price of comparable vehicles reduced by a "condition adjustment."
18

19   Dkt. 90, at 12.  The Second Amended Complaint further provides that, "[w]hile the exact number

20   of members cannot be determined, the class consists at a minimum of thousands of persons

     located throughout the State of Washington."  *Id.*

21

22   The parties have exchanged written discovery and produced thousands of pages of

23   documents.  Dkt. 123-1, at 2-3.  As part of that written discovery, the Plaintiffs propounded

24   requests for production and the interrogatory that is at issue here.  They are as follows:

ORDER ON PLAINTIFFS' MOTION TO COMPEL - 2

(1) Please provide all DOCUMENTS and [electronically stored information ("ESI")] relating to any previous dispute or discussion about FIRST NATIONAL's application of condition adjustments to the values of comparable vehicles use to value total loss claims.

(2) Produce all DOCUMENTS and ESI relating to investigations, complaints, citations, fines, rebukes or penalties from or by municipal, state or federal agencies, including but not limited to any state government agencies overseeing auto coverage insurance, regarding your application of condition adjustments to the values of comparable vehicles used to value total loss claim payments to insureds in first-party motor vehicle total loss claims and business practices related thereto.

(3) Produce all DOCUMENTS and ESI concerning prior lawsuits, in the relevant time period filed against you concerning your application of condition adjustments to the values of comparable vehicles used to value total loss claim payments to insureds in first-party motor vehicle total loss claims.

(4) Produce all DOCUMENTS and ESI relating to complaints made by customers (or their attorneys) concerning your application of condition adjustments to the values of comparable vehicles used to value total loss claim payments to insureds in first-party motor vehicle total loss claims.

(5) Please produce any and all documents relating to "applicable state methodologies" used for requesting, obtaining, and/or generating total loss valuation reports as that term is used in the CCC Valuescope claim services product schedule.

(6) Please list all states where, as a general practice, First National and/or LM General value total loss claims based upon valuation reports from CCC Information Services that do not contain condition adjustments applied to the values of comparable vehicles.

Dkt. 130-1.

On October 5, 2018, the Insurer Defendants objected to those discovery requests to the extent they seek information for activities outside of Washington and agreed to provide the discovery that related to Washington.  Dkts. 130-1 and 137.

The Insurer Defendants began collecting their ESI in mid-February 2019 based on over 50 agreed search terms from 50 custodians.  Dkt. 137.  They finished the ESI collection process in April of 2019.  *Id.*  They began producing documents on a rolling basis and their final

production to the Plaintiffs was on September 9, 2019.  *Id.*  The Insurer Defendants did not produce documents or information relating to complaints, lawsuits, and activities, etc. outside of Washington.  *Id.*

The parties conferred several times over this last year and attempted to resolve the issue of whether the out-of-state information would be provided.  Dkt. 131, at 2.  They were unable to come to a resolution.  *Id.*  This motion (Dkt. 130) followed.

The deadline for Plaintiffs' motion for class certification is January 31, 2020, the fact discovery deadline is July 31, 2020, the dispositive motions deadline is August 13, 2020, and the trial is set to begin on November 16, 2020.  Dkt. 129.

## II.    DISCUSSION

### A.  STANDARD ON DISCOVERY GENERALLY AND A MOTION TO COMPEL

Fed. R. Civ. P. 26 (b)(1) provides:

> Unless otherwise limited by court order, the scope of discovery is as follows:
> Parties may obtain discovery regarding any nonprivileged matter that is relevant
> to any party's claim or defense and proportional to the needs of the case,
> considering the importance of the issues at stake in the action, the amount in
> controversy, the parties' relative access to relevant information, the parties'
> resources, the importance of the discovery in resolving the issues, and whether the
> burden or expense of the proposed discovery outweighs its likely benefit.
> Information within this scope of discovery need not be admissible in evidence to
> be discoverable.

"The court should and ordinarily does interpret 'relevant' very broadly to mean matter that is relevant to anything that is or may become an issue in the litigation." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, n.12 (1978)(*quoting* 4 J. Moore, Federal Practice ¶ 26.56 [1], p. 26-131 n. 34 (2d ed. 1976)).

Rule 37(a)(1), "Motion for Order Compelling Disclosure or Discovery," provides,

> On notice to other parties and all affected persons, a party may move for an order
> compelling disclosure or discovery. The motion must include a certification that

1    the movant has in good faith conferred or attempted to confer with the person or
2    party failing to make disclosure or discovery in an effort to obtain it without court
     action.

3    **B.   THE PLAINTIFFS' MOTION TO COMPEL**

4    The Plaintiffs' motion to compel (Dkt. 130) should be denied.  Even broadly construing the

5    term "relevant," the information sought is not relevant to any parties' claims or defenses.  The

6    Plaintiffs assert that documents and answer to the interrogatory related to out-of-state regulatory

7    actions, customer complaints, lawsuits and applications of condition adjustments to comparable

8    vehicles outside Washington are relevant to Insurer Defendants' state of mind for the Plaintiffs'

9    claims of bad faith and claims under Washington's CPA, including their request for a treble

10   damages award.  Dkts. 130 and 138.  They argue that the "Insurer Defendants' knowledge and

11   intent regarding their claims handling practices and the impact of those practices on consumers is

12   highly relevant to the tendency and capacity of those practices to mislead."  Dkt. 130.

13   The claims asserted here are for a proposed Washington class and are made under

14   Washington law.  The Insurer Defendants properly point out that information from out-of-state

15   related activities for different policy holders under different standards and applicable state laws

16   are not relevant to the issues presented here.  "[T]he fact that there could be evidence that

17   Defendant engaged in bad faith based upon violations of a state statute in a different state with a

18   different insured and possibly different standards, is not relevant to the determination of whether

19   Defendant has engaged in bad faith with respect to its handling of Plaintiff's particular insurance

20   claim." *See Mauna Kea Beach Hotel Corp. v. Affiliated FM Ins. Co.*, 2009 WL 1227850, at *5

21   (D. Haw. May 1, 2009).  The information sought is either not relevant or is of only marginal

22   relevance.

23

24

Further, the Insurer Defendants have shown that the discovery sought is not "proportional to the needs of case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Moreover, the Insurer Defendants point out that the Plaintiffs' request for production regarding lawsuits are materials that are publicly available. The motion to compel (Dkt. 130) should be denied.

## C.  INSURER DEFENDANTS' MOTION FOR EXPENSES

Under Rule 37(a)(5)(B), if a motion to compel is denied, the court must award reasonable expenses, unless "the motion was substantially justified or other circumstances make an award of expenses unjust."

To the extent the Insurer Defendants move for an award of expenses, the motion should be denied.  The motion to compel was substantially justified.  An award of expenses would be unjust.

## III.  ORDER

It is **ORDERED** that:

- The Plaintiffs' Motion to Compel Production of Documents Relating to Regulatory Action, Customer Complaints, and other Lawsuits (Dkt. 130) **IS DENIED;** and

- To the extent the Insurer Defendants move for an award of expenses, that motion (Dkt. 136) **IS DENIED**; no award of expenses shall be made.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

ORDER ON PLAINTIFFS' MOTION TO COMPEL - 6

Dated this 20th day of November, 2019.

ROBERT J. BRYAN
United States District Judge