1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

11

12

13

14

15

16

17

18

19

| | |
|---|---|
| CAMERON LUNDQUIST, an individual, and LEEANA LARA, an individual, on behalf of themselves and all others similarly situated, | CASE NO. 18-5301 RJB |
| Plaintiffs, | ORDER ON DEFENDANTS' MOTION TO COMPEL |
| v. | |
| FIRST NATIONAL INSURANCE COMPANY OF AMERICA, a New Hampshire Corporation, and LM GENERAL INSURANCE COMPANY, an Illinois Corporation, and CCC INFORMATION SERVICES INCORPORATED, a Delaware Corporation, | |
| Defendants. | |

20

THIS MATTER comes before the Court on the Defendants' Motion to Compel

21

Production of Rule 26 Expert Disclosures.  Dkt. 152.   The Court has considered the pleadings

22

filed regarding the motion and the remaining file.

23

24

In the pending motion, the Defendants move for an order compelling the Plaintiffs to produce materials considered by the Plaintiffs' proposed expert witnesses Larry Hausman-Cohen and Lance Kaufman pursuant to Fed. R. Civ. P. 26(a).  Dkt. 152.  For the reasons provided below, the motion (Dkt. 152) should be granted.

## I.  FACTS

In this putative class action, the Plaintiffs assert that Defendants' practice of using unexplained and unjustified condition adjustments to comparable vehicles when valuing a total loss claim for a vehicle, violates the Washington Administrative Code ("WAC"), specifically WAC 284-30-391 (4)(b) and (5)(d), and so constitutes: (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) violation of Washington's Consumer Protection Act, RCW 19.86., *et seq*. ("CPA") and (4) civil conspiracy.  Dkt. 90.  The Plaintiffs seek damages, declaratory and injunctive relief, attorneys' fees and costs.  *Id.*

The class has not been certified.  The Second Amended Complaint proposes to define the class as:

> All individuals insured by First National and LMGIC under a private passenger vehicle policy who, from the earliest allowable time to the date of judgment, received a first-party total loss settlement or settlement offer based in whole or in part on the price of comparable vehicles reduced by a "condition adjustment."

Dkt. 90, at 12.  The Second Amended Complaint further provides that, "[w]hile the exact number of members cannot be determined, the class consists at a minimum of thousands of persons located throughout the State of Washington."  *Id.*

The Plaintiffs filed their Motion for Class Certification (Dkts. 144 and 146 (unredacted and under seal)) and by agreement of the parties, the briefing schedule and other case deadlines were extended (Dkt. 154).  The Plaintiffs' Motion for Class Certification is now noted for consideration on August 3, 2020.  Dkt. 154.  In support of their motion to certify the class, the

1    Plaintiffs rely, in part, on the expert opinions of Lance Kaufman and Larry Hausman-Cohen.

2    Dkts. 144 and 146.  As is relevant to this motion and the Plaintiffs' showing on damages, Mr.

3    Kaufman's report indicates that he "coordinated with Plaintiffs' Expert Larry Hausman-Cohen to

4    convert the information from [Defendant CCC Information Services Incorporated's ("CCC")]

5    reports into a [D]atabase."  Dkt. 147-20, at 7.  Mr. Kaufman's report further provides that "[t]he

6    Declaration of Larry Hausman-Cohen dated February 20, 2020, describes the content of this

7    [D]atabase and how it was created."  *Id.*  Mr. Kaufman's expert opinion report then relies

8    extensively on the [D]atabase to draw conclusions about the Plaintiffs' fact of injury and

9    damages.  *Id.*  Mr. Hausman-Cohen states that to create the [D]atabase, he "converted the

10   documents from a .pdf format to pure text format," then he conducted search queries and

11   "extracted metrics."  Dkt. 147-19. (The Court notes that by agreement of the parties, Mr.

12   Kaufman's declaration and report (Dkt. 147-20) and Mr. Hausman-Cohen's declaration and

13   report (Dkt. 147-19) are currently filed under seal.  The Court further notes that both parties

14   referred to the declarations and reports in their motions and no grounds were articulated for the

15   necessity of keeping these portions of the declarations and reports under seal.  Accordingly, this

16   opinion will not be filed under seal.)

17          In their motion to compel, Defendants seek the Database identified in Paragraph 19 of

18   Hausman-Cohen's report which was relied upon by Mr. Kaufman.  Dkt. 152.  This request of the

19   Database includes "all of its tables and fields, including the 'Main table,' 'Comps table,'

20   'Conditions table,' 'Refurbishments table,' 'Allowances table,' and 'Notes table' . . . as well as

21   the underlying programs, computer spreadsheets, calculations, intermediate data files, computer

22   output files, printouts, and execution logs that were used to create the Database."  *Id.*  The

23   Defendants argue that Fed. R. Civ. P. 26(a)(2)(B) requires the Plaintiffs disclose the Database,

24

1    and processes and programs used to create it. *Id.* They note that the Plaintiffs' rely heavily on

2    the two experts' opinions and the information sought in this motion is relevant to the

3    Defendants' challenge of the Plaintiff's class certification arguments. *Id.* The Defendants argue

4    that the two partial tables from the Database that the Plaintiffs finally turned over in late March

5    are not sufficient because they are not complete and are not the entire Database. *Id.* They also

6    maintain that the Plaintiffs are required, under Rule 26(a)(1)(A)(iii), to turn over the Database

7    and how it was made as part of Plaintiffs' initial disclosure of their damages. *Id.*

8         The Plaintiffs oppose the motion arguing that they have met their obligations under Rule

9    26. Dkt. 155. They argue that they turned over the portion of the tables the experts relied on,

10   and they did not manipulate data, but only converted it from .pdf to a text format. *Id.* The

11   Plaintiffs assert that all the data at issue is in CCC's possession and the information sought by

12   the Defendants is protected by attorney work product. *Id.*

13        The Defendants replied (Dkt. 157) and the motion is ripe for review.

14        The deadline for Plaintiffs' motion for class certification is August 3, 2020, the fact

15   discovery deadline is October 15, 2020, the dispositive motions deadline is October 29, 2020,

16   and the trial is set to begin on February 1, 2021. Dkt. 154.

17                          **II.    DISCUSSION**

18   **A.  STANDARD ON DISCOVERY GENERALLY AND A MOTION TO COMPEL**

19   Fed. R. Civ. P. 26 (b)(1) provides:

20        Unless otherwise limited by court order, the scope of discovery is as follows:
         Parties may obtain discovery regarding any nonprivileged matter that is relevant
21       to any party's claim or defense and proportional to the needs of the case,
         considering the importance of the issues at stake in the action, the amount in
22       controversy, the parties' relative access to relevant information, the parties'
         resources, the importance of the discovery in resolving the issues, and whether the
23       burden or expense of the proposed discovery outweighs its likely benefit.

24

ORDER ON DEFENDANTS' MOTION TO COMPEL - 4

Information within this scope of discovery need not be admissible in evidence to
be discoverable.

"The court should and ordinarily does interpret 'relevant' very broadly to mean matter that is
relevant to anything that is or may become an issue in the litigation." *Oppenheimer Fund, Inc. v.
Sanders*, 437 U.S. 340, 351, n.12 (1978)(*quoting* 4 J. Moore, Federal Practice ¶ 26.56 [1], p. 26-
131 n. 34 (2d ed. 1976)).

The Defendants have shown that the materials sought are relevant.  They have pointed
out that the Plaintiffs' damages experts created and relied on the Database.  The Defendants have
sufficiently shown that the Database's content and how it was created is relevant.

Rule 37(a)(1), "Motion for Order Compelling Disclosure or Discovery," provides,

On notice to other parties and all affected persons, a party may move for an order
compelling disclosure or discovery. The motion must include a certification that
the movant has in good faith conferred or attempted to confer with the person or
party failing to make disclosure or discovery in an effort to obtain it without court
action.

The parties conferred several times and attempted to resolve the issue.  Dkt. 152.  They
were unable to come to a resolution.  *Id.*

**B.  MOTION TO COMPEL BASED ON FED. R. CIV. P. 26(a)(2)(B)**

Fed. R. Civ. P. 26(a)(2)(B) provides, in relevant part, that an expert witness's report must
contain: "(i) a complete statement of all opinions the witness will express and the basis and
reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any
exhibits that will be used to summarize or support them. . ."

In the Ninth Circuit, these disclosure obligations "should 'be interpreted broadly' to
encompass 'any material considered by the expert, from whatever source, that contains factual
ingredients' but to exclude the 'theories or mental impressions of counsel.'"  *Republic of
Ecuador v. Mackay*, 742 F.3d 860, 869–70 (9th Cir. 2014)(*quoting* Fed. R. Civ. P. 26(a)(2)(B)

1  advisory committee's notes (2010 amendments)).  "[T]he disclosure obligation extends to any

2  facts or data 'considered' by the expert in forming the opinions to be expressed, not only those

3  relied upon by the expert."  *Id.* (*citing* advisory committee's notes *and Allstate Ins. Co. v.*

4  *Electrolux Home Prods., Inc.*, 840 F.Supp.2d 1072, 1080 (N.D. Ill. 2012) (discoverable "factual"

5  information included material that the expert "considered" - was provided or exposed to - rather

6  than just that the expert "relied upon")).

7      The Defendants' motion to compel (Dkt. 152) should be granted.  The Plaintiffs' rely on the

8  opinions of both experts in the motion to certify the class and the experts rely on the Database.

9  The information that the Defendants seek (the Database and the way it was created) is the

10  information both experts "considered" for purposes of Rule 26.  It is relevant to the Defendants'

11  challenge of the experts' opinions.  The Defendants are entitled to the Database and Database-

12  related information they seek.

13      While the Plaintiffs contend that the work of Hausman-Cohen was to merely convert the

14  raw data from CCC from a .pdf form into a text form (Dkt. 157), his declaration indicates that he

15  did more than that, including making calculations and drawing conclusions.  The Plaintiffs'

16  assertion that the raw data is in the Defendants' possession (Dkt. 157) is irrelevant.  As the

17  Defendants properly point out, they seek the Database, which is the result of the experts'

18  collaborative selection, aggregation, and use of the data from CCC's reports.  The Defendants do

19  not just seek the raw data from CCC's reports.

20      Plaintiffs contend that the information sought is protected by attorney work product.  Dkt.

21  157 (*citing* Fed. R. Civ. P. 26(b)(3)).  Fed. R. Civ. P. 26(b)(3) provides that "[o]rdinarily, a party

22  may not discover documents and tangible things that are prepared in anticipation of litigation or

23  for trial by or for another party or its representative (including the other party's attorney,

24

consultant, surety, indemnitor, insurer, or agent)."  The Ninth Circuit has held that Rule 26(b)(3)'s protection for trial preparation materials is not intended "to encompass all materials furnished to or provided by testifying experts, which would unfairly hamper an adverse party's ability to prepare for cross-examination and rebuttal." *Mackay*, at 871.  Under Rule 26(a)(2)(B), only "discussions with counsel about the 'potential relevance of facts or data' and more general discussions 'about hypotheticals, or exploring possibilities based on hypothetical facts' are protected." *Mackay*, at 870 (*quoting* committee notes to Rule 26(a)(2)(B)).  The Plaintiffs fail to offer any grounds as to why the materials requested constitute attorney work product.  The experts acknowledge that the Database was a collaborative effort between these experts.

The motion to compel based on Rule 26(a)(2)(B) (Dkt. 152) should be granted.  Within two weeks of the date of this order, the Plaintiffs should disclose the Database, including all of its tables and fields, as well as "the underlying programs, computer spreadsheets, calculations, intermediate data files, computer output files, printouts, and execution logs that were used to create the Database."

## C.  MOTION TO COMPEL PURSUANT TO RULE 26(a)(1)(A)(iii)

Under Fed. R. Civ. P. 26 (a)(1)(A)(iii), a party must provide to the other parties:

(iii) a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered . . .

The Defendants motion to compel based on Rule 26(a)(1)(A)(iii) (Dkt. 152) should also be granted.  The Plaintiffs base their damages computation, in part, on the Database. Accordingly, the Database and how it was created should be disclosed.

ORDER ON DEFENDANTS' MOTION TO COMPEL - 7

1

### III.   ORDER

2     It is **ORDERED** that:

3     - The Defendants' Motion to Compel Production of Rule 26 Expert Disclosures

4       (Dkt. 152) **IS GRANTED:** within two weeks of the date of this order, the

5       Plaintiffs **SHALL** disclose the Database, including all of its tables and fields, as

6       well as the underlying programs, computer spreadsheets, calculations,

7       intermediate data files, computer output files, printouts, and execution logs that

8       were used to create the Database.

9     The Clerk is directed to send uncertified copies of this Order to all counsel of record and

10    to any party appearing *pro se* at said party's last known address.

11    Dated this 28th day of April, 2020.

12

13    ROBERT J. BRYAN
      United States District Judge

14

15

16

17

18

19

20

21

22

23

24