1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CAMERON LUNDQUIST, an individual, and LEEANA LARA, an individual, on behalf of themselves and all others similarly situated, | CASE NO. 18-5301 RJB |
| Plaintiffs, | ORDER ON DEFENDANT CCC INFORMATION SERVICES INCORPORATED'S MOTION TO COMPEL AND TO CONTINUE CASE SCHEDULE |
| v. | |
| FIRST NATIONAL INSURANCE COMPANY OF AMERICA, a New Hampshire Corporation, and LM GENERAL INSURANCE COMPANY, an Illinois Corporation, and CCC INFORMATION SERVICES INCORPORATED, a Delaware Corporation, | |
| Defendants. | |

11

12

13

14

15

16

17

18

19

20

THIS MATTER comes before the Court on the Defendant CCC Information Services

Incorporated's ("CCC") Expediated Motion to Compel In-Person Depositions of Cameron

Lundquist, Leeana Lara, and Lance Kaufman and Extend the Case Schedule.  Dkt. 161.  The

Court has considered the pleadings filed regarding the motion and the remaining file.

21

22

23

24

ORDER ON DEFENDANT CCC INFORMATION SERVICES INCORPORATED'S MOTION TO COMPEL
AND TO CONTINUE CASE SCHEDULE - 1

1    In the pending motion, the Defendant CCC moves for an order compelling the two of the

2    Plaintiffs (Cameron Lundquist and Leeana Lara) and the Plaintiff's expert (Lance Kaufman) to

3    participate in an in-person deposition.  Dkt. 161.  Defendant CCC also moves for a four-week

4    extension of the case schedule to conduct these in-person depositions and because of difficulties

5    with another witness's schedule.  *Id.*  For the reasons provided below, the motion to compel

6    (Dkt. 161) should be denied and the motion for a four-week extension should be denied without

7    prejudice.

## I.    FACTS

9    In this putative class action, the Plaintiffs assert that Defendants' practice of using

10   unexplained and unjustified condition adjustments to comparable vehicles when valuing a total

11   loss claim for a vehicle, violates the Washington Administrative Code ("WAC"), specifically

12   WAC 284-30-391 (4)(b) and (5)(d), and so constitutes: (1) breach of contract, (2) breach of the

13   implied covenant of good faith and fair dealing, (3) violation of Washington's Consumer

14   Protection Act, RCW 19.86., *et seq.* ("CPA") and (4) civil conspiracy.  Dkt. 90.  The Plaintiffs

15   seek damages, declaratory and injunctive relief, attorneys' fees and costs.  *Id.*

16   The class has not been certified.  The Second Amended Complaint proposes to define the

17   class as:

18       All individuals insured by First National and LMGIC under a private passenger
         vehicle policy who, from the earliest allowable time to the date of judgment,
19       received a first-party total loss settlement or settlement offer based in whole or in
         part on the price of comparable vehicles reduced by a "condition adjustment."
20
     Dkt. 90, at 12.  The Second Amended Complaint further provides that, "[w]hile the exact number
21
     of members cannot be determined, the class consists at a minimum of thousands of persons
22
     located throughout the State of Washington."  *Id.*
23

24

ORDER ON DEFENDANT CCC INFORMATION SERVICES INCORPORATED'S MOTION TO COMPEL
AND TO CONTINUE CASE SCHEDULE - 2

1    The Plaintiffs filed their Motion for Class Certification (Dkts. 144 and 146 (unredacted

2  and under seal)) and by agreement of the parties, the briefing schedule and other case deadlines

3  were extended (Dkt. 154).  The Plaintiffs' Motion for Class Certification is now noted for

4  consideration on August 3, 2020.  Dkt. 154.  Two of the parties that CCC seeks to depose in-

5  person are representative plaintiffs.  Dkt. 161.  In support of their motion to certify the class, the

6  Plaintiffs rely, in part, on the expert opinion of Lance Kaufman (Dkts. 144 and 146); this is the

7  other witness that CCC seeks to compel to be deposed in-person.  Dkt. 161.

8    The Plaintiffs oppose the motion arguing that due to the Covid-19 pandemic, they should

9  not be compelled to attend depositions in-person.  Dkt. 161.  They note that there is sufficient

10  technology to conduct depositions safely and effectively.  *Id.*  They oppose extension of the case

11  schedule.  *Id.*

12    CCC replies and argues that in-person depositions are important to its ability to test the

13  credibility of these witnesses.  Dkt. 161.  It notes that the Plaintiffs' objection to the extension of

14  the case schedule is based on opposing the in-person depositions, but they are having difficulty

15  scheduling another witness.  *Id.*  The motion is ripe for review.

16    The Plaintiffs' motion for class certification is noted for August 3, 2020, the fact

17  discovery deadline is October 15, 2020, the dispositive motions deadline is October 29, 2020,

18  and the trial is set to begin on February 1, 2021.  Dkt. 154.

19                    **II.      DISCUSSION**

20  **A.  MOTION TO COMPEL**

21    Fed. R. Civ. P. 30 (b)(4) provides, ["t]he parties may stipulate--or the court may on

22  motion order--that a deposition be taken by telephone or other remote means."

23

24

ORDER ON DEFENDANT CCC INFORMATION SERVICES INCORPORATED'S MOTION TO COMPEL
AND TO CONTINUE CASE SCHEDULE - 3

1    Defendant CCC's motion to compel in-person depositions of Cameron Lundquist, Leeana

2    Lara, and Lance Kaufman (Dkt. 161) should be denied.  The Plaintiffs' concerns over exposure

3    to Covid-19 are sufficient grounds to have their depositions taken by "telephone or other remote

4    means."  CCC has not shown sufficient prejudice that would justify forcing the witnesses to

5    participate in in-person depositions.  Since credibility is at issue, the depositions should occur by

6    videoconference.  "While the Court is sympathetic to the challenges to the legal community

7    during this pandemic, attorneys and litigants are adapting to new ways to practice law, including

8    preparing for and conducting depositions remotely."  *United States for use & benefit of Chen v.*

9    *K.O.O. Constr., Inc.*, 2020 WL 2631444, at *2 (S.D. Cal. May 8, 2020)(*citing Grano v. Sodexo*

10   *Mgmt., Inc.*, 2020 WL 1975057, at *3 & n.5 (S.D. Cal. Apr. 24, 2020)).

11   **B.   MOTION FOR EXTENSION OF CASE SCHEDULE**

12   Under Fed. R. Civ. P. 16(b), for good cause, the court may extend the case schedule.

13   CCC's motion to extend the case deadline for four weeks (Dkt. 161) should be denied

14   without prejudice.  While the extension is currently not warranted to take the in-person

15   depositions sought above, CCC referenced difficulty with another witness.  It is not clear if that

16   would justify an extension of the case schedule at this time.

17                              **III.    ORDER**

18   It is **ORDERED** that:

19   • Defendant CCC Information Services Incorporated's Expedited Motion to

20     Compel In-Person Depositions of Cameron Lundquist, Leeana Lara, and Lance

21     Kaufman (Dkt. 161) **IS DENIED**; and

22   • Defendant CCC Information Services Incorporated's Motion to Extend the Case

23     Schedule (Dkt. 161) **IS DENIED WITHOUT PREJUDICE**.

24

1    The Clerk is directed to send uncertified copies of this Order to all counsel of record and

2   to any party appearing *pro se* at said party's last known address.

3        Dated this 17th day of June, 2020.

4

5                                    ROBERT J. BRYAN
                                     United States District Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON DEFENDANT CCC INFORMATION SERVICES INCORPORATED'S MOTION TO COMPEL
AND TO CONTINUE CASE SCHEDULE - 5