UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CAMERON LUNDQUIST and LEEANA LARA,<br><br>                        Plaintiffs,<br>  v.<br><br>FIRST NATIONAL INSURANCE COMPANY OF AMERICA, LM GENERAL INSURANCE COMPANY, and CCC INFORMATION SERVICES INCORPORATED,<br><br>                        Defendants. | CASE NO. C18-5301RJB<br><br>ORDER ON MOTION FOR CLASS CERTIFICATION AND OTHER MATTERS |

      This matter comes before the Court on the above referenced motion (Dkts. 144 and 146) and on other pending and related matters. The Court is familiar with the records and files herein, all documents filed in support of, and in opposition to, the motion and heard oral argument on the motion on October 14, 2020. The Court is fully advised.

The parties are fully aware of the standards for certification of a class as found in Federal Rule of Civil Procedure 23. Those standards are often referred to as numerosity, commonality, typicality, adequacy (FRCP 23(a)), predominance and superiority (FRCP 23(b)).

While Plaintiffs successfully argue the issues of numerosity, typicality and adequacy, their argument founders on the shoals of commonality, predominance and superiority.

All of Plaintiffs' claims are centered on alleged violations of the Washington Administrative Code ("WAC") – particularly the following provisions:

> **WAC 284-30-320**
> **Definitions.**
> . . . .
> (3) "Comparable motor vehicle" means a vehicle that is the same make and model of the same or newer model year, similar body style, with similar options and mileage as to the loss vehicle and in similar overall condition, as established by current data. To achieve comparability, <u>deductions</u> or additions <u>for</u> options, mileage or <u>condition may be made if they are itemized and appropriate in dollar amount.</u>
>
> **WAC 284-30-391**
> **Methods and standards of practice for settlement of total loss vehicle claims.**
> . . . . The insurer must take reasonable steps to ensure that the agreed value is accurate and representative of the actual cash value of a comparable motor vehicle in the principally garaged area.
> . . . .
> [4. ](b) Base all offers on itemized and verifiable dollar amounts for vehicles that are currently available, or were available within ninety days of the date of loss, using <u>appropriate deductions</u> or additions <u>for</u> options, mileage or <u>condition when determining comparability</u>.
> . . . .
> (d) Provide a true and accurate copy of any "valuation report" as described in WAC 284-30-392, if requested.
> [5. ](d) <u>Any additions or deductions from the actual cash value must be explained to the claimant and must be itemized showing specific dollar amounts.</u>
>
> **WAC 284-30-392**
> **Information that must be included in the insurer's total loss vehicle valuation report.**
> . . . .
> (2) All information the insurer used to determine the actual cash value of the loss vehicle;

ORDER ON MOTION FOR CLASS CERTIFICATION AND OTHER MATTERS - 2

By definition, in all cases, what constitutes a comparable vehicle includes those with condition adjustments that are itemized <u>and</u> appropriate in dollar amount. In other words, to prove that the WACs were violated by using comparable vehicles in the adjustment of a claim that was reduced by a condition adjustment, the Plaintiffs must show that the comparable vehicles used were not comparable vehicles at all because any condition adjustment was (1) not itemized <u>and</u> (2) inappropriate in dollar amount.

Plaintiffs, therefore, have a dual burden of proof – to establish liability, based on the WACS, they must prove that the value of the comparable vehicles used in the adjustment of the class's insurance claims were reduced by condition adjustments that were not itemized <u>and</u> were inappropriate in dollar amounts.

Proving failure to itemize condition adjustments lends itself to resolution on a class-wide basis, but proof of inappropriate dollar amounts in those condition adjustments does not. Plaintiffs would have to prove that each class member's condition adjustment was for an inappropriate dollar amount, and Defendants, in their responsive case, would have the right to present evidence that each individual class member received an appropriate determination of actual cash value.

Another way to approach this certification issue is to consider what any class would really consist of:

> All individuals insured by First National Insurance Company of America or LM General Insurance Company in the State of Washington under a private passenger vehicle policy who, from April 2012 to the present, settled or received a final offer to settle, a first party total loss claim where the actual cash value of at least one "comparable" vehicle used in the adjustment of the claim was reduced by an unitemized condition adjustment that was not appropriate in dollar amount.

Consideration of class certification, after filling out the omissions in Plaintiffs' proposed class, points out the difficulties in treating this case as a class action.

ORDER ON MOTION FOR CLASS CERTIFICATION AND OTHER MATTERS - 3

Still another way to approach this issue is to simply accept the concept that the law (of determining the actual cash value of comparable vehicles with condition adjustments) includes in the definition of comparable vehicles, the old basketball phrase, "no harm, no foul."

It further appears to the court that any class should not include insured parties whose claims were settled by a completed appraisal process pursuant to an insurance policy provision. Those claims are based on an entirely different theory of damages than the other putative class members and to include them destroys commonality.

There are some questions of law and fact that are common to the proposed class, but issues of whether allegedly comparable vehicles used in determining condition adjustments are appropriate in dollar amount is not a common question among the proposed class and is an individual issue for each totaled vehicle claim in the proposed class.

The amount of damages awardable to class members is an individual question that does not necessarily defeat class action treatment. *Leyva v Medline Indus. Ins.,* 716 F.3d 510, 514 (9th Cir. 2013). Plaintiffs, however, must provide a damages model that demonstrates that "damages are susceptible of measurement across the entire class." *Comcast v Behrend*, 569 U.S. 27, 35 (2013). Here, liability and damages are inextricably bound together. There is no liability unless Plaintiffs prove that the dollar amount of a "comparable vehicle" was inappropriate. The same issue sets up the inquiry into damages: Was the adjustment inappropriate and how did that affect the final actual cash value paid to claimant class member? Resulting damages are not measurable across the entire class, as *Comcast* requires. This is not a situation, like most class actions, where a court can determine liability, class-wide, and then determine damages on a common theory. A court cannot determine liability here without finding individual inappropriate adjustments in dollar amounts.

Individual issues here predominate over all other issues, and clearly indicate that a class action is <u>not</u> superior to other available methods for fairly and efficiently adjudicating the controversy – individual trials for those members of the proposed class who believe that they did not receive an appropriate dollar amount in the insurance settlements.

The requirements of commonality, predominance and superiority are not met.  Therefore, the Motion for Class Certification (Dkts. 144 and 146) should be denied.[1]

Defendants' Motions for Evidentiary Hearing on Class Certification (Dkt. 242, 243, 244) are now moot and should be denied.

The case will proceed to trial on the claims of Cameron Lundquist and Leanna Lara, as individuals, on the existing case schedule.

**IT IS SO ORDERED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 21st day of October, 2020.

*[signature]*

ROBERT J. BRYAN
United States District Judge

---

[1] This result appears consistent with the cases listed on pages 10 and 11 of Liberty's Response in Opposition to Plaintiffs' Motion for Class Certification (Dkt. 179).

ORDER ON MOTION FOR CLASS CERTIFICATION AND OTHER MATTERS - 5